## OSBORNE et al. vs. GRAHAM, ad., et al.

1. CHANCERY JURISDICTION: *To open a Settlement in the Probate Court for fraud.*
   If an Administrator charges himself in settlement with the appraised value of the estate, while the sale bill returned by him shows that the amount for which the property sold exceeded its appraised value, or if he applies the money of the estate to the purchase of property in his own name and right, a Court of Chancery will open the settlement for fraud.

2. PARTIES IN CHANCERY: *Sureties on an Administrator's bond.*
   In a proceeding in Chancery, to open the settlement of an Administrator for fraud, the sureties on his bond may be joined as defendants.

3. RESULTING TRUST: *Attaches to property bought with trust funds.*
   Lands purchased by an Administrator in his own name with money belonging to the estate, are equitably the property of the estate.

APPEAL from *Saline* Circuit Court.

HON. JOHN WHYTOCK, Circuit Judge.

*Garland & Cockrill* for appellants.

WALKER, J.:

The complainants, children and heirs at law of Amaziah Orr, deceased, filed their bill in Chancery, in the Saline Circuit Court, against Graham as administrator, and Sheppard and Collart sureties upon his administration bond. The defendants demurred to the bill for want of equity, and because the defendants Sheppard and Collart were improperly made parties. The Court sustained the demurrer, and dismissed the bill; complainants appealed.

The sufficiency of the bill is the sole question for our consideration. The material allegations are, that intestate Orr died in Saline County, Arkansas, in the year 1866, leaving a wife and children, and personal property to the value of twenty-five hundred dollars; that defendant Graham was appointed adminstrator of his estate; that he executed bond in the usual form with his co-defendant's securities, and took into his possession

twenty-five hundred dollars worth of personal property, which he sold, and collected the money; that he falsely and fraudulently made and returned an inventory and sale bill, in which the true amount of the property sold, and money collected, was not given, and that in settlement he failed to account for about one-half the amount of money and property received, and fraudulently converted it to his own use in the purchase of land for himself, and for the support and maintenance of himself and family; that as administrator he made several settlements with the Probate Court, in none of which he accounted for the sum so withheld and fraudulently appropriated; that he well knew at the time he filed said inventory and sale bill and made such settlements, that they were false; that the administration of said estate should long since have been closed; that the estate was but little indebted, and that all or nearly all of the debts had been paid; that as heirs at law they are entitled to the residue of said estate, but that the administrator has failed to have distribution ordered, or payments made to them; that he is insolvent and unable to pay, and that unless the property so purchased with the money of the estate, be applied to the payment of the sums due them; or unless the securities upon the administration bond be held accountable, they will loose the sums due them, with a prayer for appropriate relief. Copies of the bond, inventory, sale bill and settlements are filed as exhibits with the bill.

By demurring, the defendants admit the allegations to be true, and the question is do they entitle the complainants to equitable relief?

The general administration of the estate was a matter clearly and exclusively within the jurisdiction of the Probate Court, and by statute it is provided, that an account current, when confirmed

by the Probate Court, shall never thereafter be subject to investigation unless in a Court of Chancery upon an allegation of fraud in the settlement of such account, supported by the affidavit of the party making such allegations.

This exclusive jurisdiction of the Court of Probate over the estates of deceased persons, and the conclusiveness of its judgments except in cases of fraud, properly relates to cases in which there is no contest as to the title of the intestate's or testator's estate, because whenever other parties than those claiming title under the intestate or testator, set up an adverse claim, or an adverse interest in the estate sought to be administered upon, such adverse claim, interest or title, must be litigated and settled before some tribunal competent to hear and determine the same. *Clark, admr., et al.* v. *Shelton,* 16 Ark., 474.

The case of *Ringgold* v. *Stone,* 20 Ark., 526, is, in many respects, like the one now under consideration. In that case it was charged that Ringgold, as administrator, received a large amount of interest upon outstanding debts, with which he failed to charge himself upon settlement, and, after final settlement, a bill was filed by Stone and others against Ringgold, in which it was alleged that Ringgold fraudulently failed to charge himself with the interest so collected. Upon the hearing of the case there was no proof of positive fraud, but the mere fact that the administrator in his trust capacity had collected notes which were due and drawing interest, without charging himself with the amount of interest, was held of itself evidence of fraud, for which the former settlements were set aside and the account restated. In the case before us, the administrator charges himself on settlement with the appraised value of the estate, whilst the sale bill returned by him shows that the amount for which the property sold greatly exceeded its appraised value. The facts of the case must be presumed to have been within the knowledge of the administrator, and by suppressing them he was guilty of fraud.

Independent of this, there is another allegation which entitles the complainants to relief in equity. It is the charge that the money belonging to the estate was fraudulently applied to the purchase of land in his own name and individual right. These lands, thus purchased, were equitably the property of the estate, and an investigation of the facts, and an appropriate decree for relief were proper subjects for chancery jurisdiction.

The question raised by demurrer, as to whether the securities should have been made parties to the suit, was raised in the case of *Clark* v. *Shelton*, 16 Ark., 474, in which it was held by this court that, in a suit against the administrator for a breach of trust and settlement and account, the securities in the administration bond were proper parties. See also *Moren et al.* v. *McCown et al.*, 23 Ark., 93.

In view of the whole case, we think the court below erred in sustaining the demurrer to the bill, and that its decision should be reversed and set aside, and the cause remanded for further proceedings therein.