## LAMBETH v. PONDER.

LIEN: *Landlord's superior to Mortgagee's.*
   The lien of a landlord for rent is superior to that of a mortgagee, upon the crop grown upon the rented premises.

APPEAL from *Lawrence* Circuit Court.

HON. WM. R. COODY, Special Judge.

*T. J. Ratcliff*, for appellant.

*Henderson & Caruth*, contra.

ENGLISH, C. J.:

Willis M. Ponder brought this action in the Circuit Court of Lawrence County against Robert Lambeth; the complainant alleging that on the 1st day of November, 1874, the defendant with force and arms unlawfully seized and converted to his own use 5,200 pounds of seed cotton, the property of plaintiff, of the value of $177.

The defendant answered, denying the allegations of the complaint.

Verdict and judgment in favor of plaintiff for $104; defendant filed a motion for a new trial, which the court overruled, and he took a bill of exceptions and appealed.

The grounds of the motion for a new trial were:

1st. That the court erred in permitting incompetent and irrelevant testimony to go to the jury.

2d, 3d and 4th. In substance, no evidence to sustain the verdict.

5th. That the court erred in instructing the jury.

I. The bill of exceptions fails to show that the appellant objected to the competency or relevancy of any evidence introduced by appellee on the trial. All of the evidence offered by appellee appears to have been admitted without any objection by appellant.

Nor, if it might be done here, does the counsel for appellant indicate in his brief what particular evidence introduced by appellee he deems to have been improperly admitted.

II.   The appellee claimed title to the cotton in controversy, by virtue of a mortgage, with power of sale, executed to him for supplies, by J. C. Owen, who was a tenant of appellant.

The mortgage was read in evidence without objection, but counsel for appellant submits that it having been executed upon a cotton crop not in being prior to to the passage of the act of 11th February, 1875, (Acts of 1874–75, p. 149) vested in appellant no legal title to the cotton, or lien upon the crop, which he could assert in this action.

The mortgage bears date 23d of May, 1874, by which time cotton in this climate is usually growing.   Moreover the mortgagor, in the language of the mortgage, conveys to the appellant : "The following described property, to-wit :  All his present growing crop of corn and cotton, now growing on the farm of Dr. Robert Lambeth, known as the Lambeth place, situated in Lawrence County," etc.

The growing crop was the subject of a valid mortgage (*Apperson & Co., v. Moore*, 30 Ark. 66,) but the lien of appellant upon the crop for rent, as the landlord of Owens, the mortgagor, was prior and superior to the title of appellee, the mortgagee.   *Tomlinson v. Greenfield*, 31 Ark. 557.

The evidence introduced on the part of appellee conduced to prove that appellant not only received a sufficient amount of the cotton after it was gathered, to pay the rent due to him from Owens, but that he took and appropriated an over quantity of the cotton, the value of which appellee claimed in this suit.

On the contrary, the testimony of appellant conduces to show that he did not get more of the cotton than was due him for rent.

What the truth of the matter may be we do not know. Upon the conflicting evidence, the jury found for appellee, as above indicated, and it was their province, not ours, to judge of the weight of the evidence.

III. To the charge which the court gave to the jury, and which is divided into four paragraphs, the counsel for appellant made a general objection in the court below, as shown by the bill of exceptions, and has repeated it in his brief here, no specific objection being made to any one of the paragraphs or to any principle of law announced in either of them.

We deem it unnecessary to copy the charge thus objected to.

It seems to be fair, appropriate to the issue and the evidence introduced by the parties, and we can discover in it no erroneous announcement of law.

Affirmed.