Dresher v. Corson, *Sheriff, &c.*

ANN MARIA DRESHER V. A. L. CORSON, *Sheriff, &c.*

23  313
43  170

1. FRAUD; *Grounds for Suspicion of; Practice.* Where, pending a suit which afterward results in judgment against him, a man of means transfers to his wife all his property save that which is exempt from execution, and hires out to her for his "board, clothing, and lodging," the transaction affords grounds for suspicion, and calls for satisfactory proof of good faith and fair consideration; and where even upon slight testimony the district court sitting as a trier of fact finds against such transfer, this court will not disturb the finding.

2. ———— *Immaterial Error.* Where, in a case tried by a court without a jury, impeaching testimony is received without any prior preliminary inquiry of the witness sought to be impeached, and afterward such witness goes upon the stand and has full opportunity of explaining or contradicting the impeaching testimony, *held,* that ordinarily the error will not be deemed of sufficient importance to justify a reversal of a judgment otherwise appearing without error.

3. COSTS; *Judgment, Undisturbed.* In an action of replevin, in which the property was taken and delivered to the plaintiff, and in which judgment was afterward rendered in favor of the plaintiff for a part of the property so taken, and in favor of the defendant for a return of the rest, or a recovery of its value in case a return could not be had, a judgment that each party pay its own costs will not be reversed, in the absence of any showing as to the amount of costs incurred on either side.

*Error from Ottawa District Court.*

REPLEVIN brought by *Dresher* against *Corson*, as sheriff of Ottawa county, to recover possession of certain property, of which plaintiff claimed to be owner. The facts are sufficiently stated in the opinion. Trial at the May Term, 1879, of the district court, and judgment for defendant. The plaintiff brings the case here.

*C. L. Botsford,* for plaintiff in error.

*James Humphrey, R. F. Thompson,* and *W. A. Johnston,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action of replevin, by plaintiff in error against the defendant in error, sheriff of Ottawa

county, to recover 5 horses, 2 colts, 2 cows, 3 calves, 100 hogs, and 250 bushels of wheat, of which plaintiff claimed owner- ship, by purchase with her own money, and which were held by the defendant by virtue of a levy under an execution issued against H. M. Dresher, the husband of the plaintiff, in favor of one H. H. Dalrymple. No redelivery bond was given. A general denial was filed by defendant. Trial was had at the May term of the district court, before the court, without a jury. The court found that plaintiff was the owner of the horses and colts, but that the defendant was entitled to. the cows, calves, hogs and wheat, and to a return thereof, or their value, to wit, $373, and that each party pay its own costs; to which decision, findings and judgment said plaintiff at the time excepted, and filed her motion for a new trial, which was overruled, to which ruling the plaintiff at the time excepted.

The first and principal question is, whether the findings of the court are sustained by the testimony. The testimony of plaintiff was direct and positive that the property was all hers; that she inherited some $2,200 from her father's estate, with which she purchased some real estate and some personal property (much of the latter from her husband), and that the property in controversy was either the property so purchased, or the increase and product thereof. Evidently the district court did not credit her entire testimony, for there was no testimony directly contradicting her inheritance or purchase. Yet we cannot say that the court erred, for there was much that cast discredit on her statements. For instance, her pur- chases seem to have been largely in excess of the amount in- herited. Many of those from her husband were made during the pendency of the suit against him, which passed into judgment, and under which the sheriff took this property, and of his liability she had knowledge. She seemed to have bought from him until she had left him "execution-proof." Again, she claimed to have made a purchase from him in the fall of 1874, to enable him to pay a debt which other testi- mony shows was paid in August or September, 1873. In

reference to this, she testified that she paid for the property in about three weeks after the purchase. Another witness testified that he was called in to draw a bill of sale of the property, and the money was paid at the time. Again, she testified that after she had made these various purchases her husband still owned a team of horses, a wagon and one cow, property that as head of a family he could claim as exempt, and that she had him to work for her for his "board, cloth-. ing and lodging." The assessment rolls, even for the years after these alleged purchases, show that the personal property was assessed to him, and his own affidavit, made about the time of the purchases, was, that he was worth $2,000 above all exemptions. Now under these circumstances, this court cannot hold as matter of law that the district court erred in not giving entire credence to the statements of plaintiff. We have repeatedly affirmed the right of the wife to purchase and hold separate property real and personal, and whenever such right is exercised in good faith it is entitled to protection. But when property which is in the possession and apparently belongs to the husband, and upon the faith of which he may properly have received credit, is at the time of his financial embarrassment claimed to have been purchased by and to belong to the wife, courts may well require clear and convincing proof, not merely of the fact, but also of the good faith of the purchase. Communications between husband and wife being privileged, the opportunity for fraud, if fraud is desired, is great, and searching inquiry is proper. When, pending a suit against him, a man of means transfers all his property save that which is exempt, to his wife, and hires out to her for his "board, clothing and lodging," the transaction, to say the least, affords grounds for suspicion, and calls for satisfactory proof of good faith and fair consideration. Unless care is taken and courts are watchful, those laws which were designed for the protection of married women will become repulsive to the moral sense as mere covers for fraud. The district court evidently regarded this as such a case, and we are not prepared to hold that its judg-

ment was wrong. At any rate, there was testimony which would justify it as a trier of fact in coming to that conclusion, and of course that ends inquiry in this tribunal.

Counsel says there was as much testimony of plaintiff's ownership of the hogs and wheat as there was of the horses, and that if the court found that the horses belong to her, it ought to have found that the hogs and wheat did also. Concede this to be true, and the converse is also true — that if the testimony was identical, and the court found that the hogs and the wheat were not hers, it ought to have found that the horses were also not hers. Hence, it erred, but the error, being in her favor, is not ground for reversal. Again, it is urged that the district court erred in admitting the assessment rolls showing the assessment of the personal property for several years to the plaintiff's husband, and also in admitting two affidavits of his as to his pecuniary responsibility. These were admitted, not as impeaching, but as direct testimony on the part of the defendant. This was probably error, and yet we do not think the error such as compels a reversal. The case was tried by the court, without a jury. The testimony could have been made competent by proper previous inquiries of the witness. He went upon the stand after the defendant rested, and gave testimony in explanation of the assessments, stating that the assessor told him that it made no difference in whose name it was listed, and that he gave it in as the agent of his wife. He could have made any explanation he desired in reference to the affidavits, but did in fact say nothing. Under the circumstances, we do not think any material injury was done to plaintiff's rights.

The only remaining question is, that of costs. The court required each party to pay its own costs. This may not be technically in conformity to the statute, for that provides that costs shall follow the judgment in favor of either plaintiff or defendant. (Comp. Laws of 1879, p. 682, §§ 589, 590.) Here a judgment was entered in favor of each, and perhaps strictly a judgment should have been entered in favor of each that he recover costs of the opposite party, or that the one

who had expended the most should recover a judgment for the excess. But in the absence of any showing as to the amount of costs on either side, we do not feel warranted in disturbing the form of the judgment. We doubt not it is substantially correct.

The judgment will be affirmed.

All the Justices concurring.