## HARRIS vs. KENNEDY and another.

*February 5 — February 24, 1880.*

CONTRACT. *(1) Compromise of disputed claim.*
CHATTEL MORTGAGE. *(2) Description of property.*

1. Where A. claims in good faith to have a valid mortgage of chattels, which B. has purchased since the date of the mortgage, and thereupon the parties agree, by way of compromise, that B. shall pay, and A. receive in full satisfaction of his lien upon the chattels, a sum less than that supposed to be secured by the mortgage, this is a valid contract.
2. A mortgage of cattle is not invalid because it describes them incorrectly as to their age, where it clearly appears from the evidence what cattle were intended; and especially will it be so held where the party claiming in opposition to the mortgage was not misled by the erroneous description, and could not have been so misled, in the exercise of ordinary care.

APPEAL from the Circuit Court for *Trempealeau* County. The case is thus stated by Mr. Justice TAYLOR:

"This action was commenced in a justice's court. The complaint is as follows: 'The plaintiff alleges that before and until the first day of October, 1877, he was the owner of a

yoke of young cattle, which was of the value of $60; that on or about that day defendants wrongfully took possession of said property, and wrongfully converted the same to their own use; that afterwards, on or about February 10, 1878, the defendants agreed to pay plaintiff the sum of $45, in consequence of the aforesaid wrongful taking and conversion, in the course of ten days or two weeks from that day, which plaintiff agreed to receive in full; but that the defendants have not paid the same, or any part thereof. Wherefore the plaintiff demands judgment for the sum of $45, and costs of the action.' The answer was a general denial.

"Upon the trial in the circuit court, the evidence showed that the plaintiff claimed to have a chattel mortgage upon a yoke of cattle owned by one Polubinski; that the mortgage was given by Polubinski to the plaintiff to secure a debt due the plaintiff from him for $75; and that the cattle were described in the mortgage as ' one yoke of oxen four years old,' and the mortgage was on file in the proper town clerk's office, when the defendants purchased the same of the mortgagor and converted them to their own use. The evidence on the part of the plaintiff further showed, that, after the defendants had purchased the oxen, they were notified by the plaintiff that he claimed to have a chattel mortgage on them; that he had an interview with one of the defendants, in which he admitted the defendants had purchased a yoke of oxen of Polubinski and converted them to their own use; and that the defendants agreed to pay the plaintiff $45, and plaintiff agreed to accept the same as a settlement and satisfaction of his claim to the cattle.

"The defendants' evidence shows that they received notice that plaintiff claimed the cattle by virtue of a mortgage, and that after such notice one of the defendants called upon the plaintiff in regard to the matter. This defendant gives a different version of the interview, and says he did not promise to pay $45, but said he supposed, if the plaintiff had a mort-

gage on the cattle they bought of Polubinski, they were good for it and would have to pay for them again; that he told the plaintiff they had bought the cattle for $45, and that plaintiff said if they had bought them for $45, all he wanted was the $45.

"The evidence on the part of the defendants showed that the cattle were younger than described in the mortgage. One of the witnesses on the part of the plaintiff gave the age of the cattle as described in the mortgage. The whole evidence in the case clearly showed that Polubinski had no other oxen except the yoke bought by the defendants, at the time the mortgage was given, or at any time thereafter up to the time the defendants purchased. When the plaintiff rested, the defendants moved for a nonsuit, which was denied, but no exception was taken by the defendants. The jury returned a verdict for the plaintiff."

A new trial was refused; and defendants appealed from a judgment in plaintiff's favor.

*G. Y. Freeman*, for the appellants.

The cause was submitted for the respondent on the brief of *S. W. Button.*

TAYLOR, J. The case was tried upon the theory that it was necessary for the plaintiff to show that he had a valid mortgage upon the oxen at the time the defendants purchased them; and the circuit judge, in his instructions to the jury, so charged. This theory of the case was certainly the most favorable to the defendants; and if, upon the evidence, the verdict can be sustained upon that theory, there can be no ground of complaint upon their part. We are inclined to think that the plaintiff might have rested his case, as he did in the first instance, upon the claim that there had been a compromise and settlement between him and the defendants, by the terms of which the defendants had agreed to settle his claim made against them for these cattle by reason of the mortgage which

he claimed to have on them, and to pay him $45 for such claim, and that he had agreed to receive the $45 in full for such claim. In this view of the case, it would have been unimportant whether he had a valid mortgage or not. He claimed in good faith that he had a valid mortgage, and the defendants, if the plaintiff's evidence is to be believed, waived their right to contest the validity of such mortgage in consideration of his agreeing to take $45 in full satisfaction of his claim.

The plaintiff, proceeding upon this view of the case, did not offer his chattel mortgage in evidence before he rested, but contented himself by stating that he had such a mortgage and his claim under the same, and the agreement of the defendants to pay him on account thereof the sum of $45, which he consented to take in full satisfaction of his claim. Though the learned circuit judge did not, it seems, take this view of the case, he refused to nonsuit the plaintiff, and permitted the defendants to contest the validity of his mortgage. The defense attempted to be made was, that the mortgage on file did not describe the cattle bought of Polubinski by the defendants. The cattle were described in the mortgage as four years old at the date of the mortgage, and the defendants claimed that the evidence showed that the cattle they bought were but two and one-half years old at that date.

There was no such exception taken to the charge of the court by the defendants on the trial as entitles them to a review of the charge. The exception was a general exception to the whole charge, and it will hardly be concluded that it was erroneous in its entirety.

Upon the motion for a new trial, which was made at the same term the trial took place, one of the reasons assigned is sufficiently specific, viz.: "That the court erred in its charge to the jury that a chattel mortgage upon a yoke of oxen four years old was good against a *bona fide* purchaser, for value, of a pair of steers two years old." And the defendant raised the

same question in asking the court to instruct the jury "that a mortgage describing the property as a yoke of oxen four years old is not a valid mortgage, as against an innocent purchaser for value, of a pair of steers that were only two years old at the time the mortgage was given." This instruction the court refused to give, and the defendants excepted. The judge instructed the jury that a mere mistake in the age of the oxen mortgaged would not invalidate the mortgage; that the description was sufficient, if it can be rendered certain by evidence as to what the mortgage was intended to cover; and that, in this case, if the jury were satisfied from the evidence that the mortgagor had but one yoke of oxen at the time this mortgage was given, and continued to have the same oxen, and no others, from that time until the defendants purchased them, the jury would find that the oxen so owned by the mortgagor were the same ones described in the mortgage, and the mistake, if there was any, as to the age, in their description, would not render it void. The learned circuit judge, in his charge, as above stated, undoubtedly stated the law correctly, and he was clearly right in refusing to give the instruction asked by the defendants.

The following authorities in this and other courts fully sustain the learned circuit judge in his instructions in this case: *Sargeant v. Solberg*, 22 Wis., 132; *Harding v. Coburn*, 12 Met., 333; *Barry v. Bennett*, 7 Met., 354; *Lawrence v. Evarts*, 7 Ohio St., 194; Herman on Chattel Mortgages, §§ 39, 40, and 41, and cases cited; Thomas on Mortgages, 469, and cases cited; *Call v. Gray*, 37 N. H., 428. In the case of *Sargeant v. Solberg*, *supra*, this court held that a chattel mortgage which described the property mortgaged as "fifty cords of wood piled upon lot 1, block 83," etc., was not void, although the evidence showed that there were 85 cords of wood on lot 1 at the time the mortgage was given, owned by the mortgagor. The court below permitted the mortgagee to show by parol evidence that a certain pile of wood on said lot, containing

nearly 50 cords, was the wood intended to be mortgaged; and upon appeal this court held that such parol evidence was clearly admissible. Justice COLE, in delivering the opinion, says: " It would undoubtedly be a very desirable rule, if it were possible, to describe property mortgaged so that one could ascertain from the face of the instrument itself what property was intended to be embraced therein. ' But it is. evident that resort must frequently be had to parol evidence to apply the description in the mortgage. It is not readily perceived how the description of the wood in this case could have been more certain and specific; and, as there were several other piles of wood on the same lot, it was necessary to resort to extrinsic proof to identify the property."

In the case at bar, the intention of the parties as to what oxen were to be covered by the mortgage was made perfectly evident by showing that the mortgagor had no other cattle which could by any possibility answer to the description in the mortgage, except the cattle in controversy in this action. The court is therefore bound to presume that the intention was to mortgage such cattle; otherwise there would be no property of the mortgagor to which the mortgage could attach.

The defendants cannot, with justice, plead that they were misled by the uncertain description in the mortgage. They made no examination of the clerk's office previous to their purchase, for the purpose of ascertaining whether the cattle were mortgaged. Had they done so, they could not have been misled by the imperfect description, since, by proper inquiries, they would have ascertained that the mortgagor had but one yoke of cattle which would in any respect answer the description contained in the mortgage at the time it was given, or afterwards, and they would at once have arrived at the conclusion that these were the cattle intended to be covered by the mortgage, and would, in the exercise of ordinary prudence, have declined to purchase.

The case seems to have been fairly tried upon its merits,

and the verdict in favor of the plaintiff is clearly sustained by the evidence, whether the action be treated as an action to recover on the alleged compromise made between the parties, or as an action to recover the value of the oxen upon an alleged wrongful conversion of them by the defendants.

*By the Court.* — The judgment of the circuit court is affirmed.