Friend v. Green.

---

JOSEPH FRIEND v. IRA W. GREEN.

1. SUMMONS — *Service Voidable Only.* Where a summons is issued by a justice of the peace, and served by a constable by leaving a true copy, with all the indorsements thereon, at the usual place of residence of the defendant, but no certificate is made by the officer that such copy is a true copy of the original summons, *held,* such omission renders such service voidable only, and not void.

2. REPLEVIN — *Judgment for Return of Property — Limit.* Where an action in replevin is brought by a judgment debtor to recover possession of specific personal property taken upon execution by an officer, and the property is delivered to the plaintiff, and judgment is afterward rendered for the return of the property to the officer, or, in case return cannot be had, for its value, *held,* that such judgment for the value of the property cannot exceed the amount for which the execution was issued, and costs.

3. COSTS, *Divided, Not Error.* Where an action in replevin is brought by a judgment debtor to recover specific personal property, against an officer in possession of the same by virtue of a levy of an execution thereon, and such judgment debtor recovers possession of only a part of the property, and judgment is rendered in favor of the officer for the remainder, *held,* not error for the court to divide the costs.

*Error from Norton District Court.*

REPLEVIN, by *Friend* against *Green,* to recover certain specific personal property. Trial at the April term, 1887, and judgment for plaintiff for the possession of part of the property, and judgment for defendant for the remainder. Plaintiff brings the case here.

*S. D. Decker,* for plaintiff in error.

Opinion by CLOGSTON, C.: Plaintiff in error complains of numerous errors, many of which we shall not notice, but shall mention only such as we think are entitled to consideration. The record shows that an action was brought in justice's court against plaintiff in error, and default was made and judgment rendered in said court against him, and upon such judgment an execution was issued, and the property in controversy in this action was levied upon to satisfy such judgment. The plaintiff in error brought this action against defendant in error as constable, he having levied that execution. The first complaint we shall notice is, as to the jurisdiction of the justice of the peace who rendered the judgment upon which the execution in question was issued. Plaintiff insists that the court had no jurisdiction, for the reason that the pretended service in that case was made by leaving a pretended copy at his place of residence in his absence, and that he never received a copy until after the judgment was rendered; and second, that the copy of the summons so left was not certified by the constable to be a true copy of the original summons. The first of these complaints is without foundation. The statute provides for constructive service by leaving a copy of the summons at the usual place of residence of the defendant, and that was done in this case. The second claim of error is one that has given us considerable trouble, as no case has been found parallel with it. The requirement of the statute is, that the copy of summons to be left or served upon the defendant must be certified to as a true copy, and if this requirement is

essential to the jurisdiction of the court, then the court had no jurisdiction of the defendant; but if the service is only voidable and not void, then upon this indirect attack the jurisdiction of the justice's court must be sustained. We are inclined to the latter view. The summons left at the defendant's residence was a command in the name of the state to appear before a certain court. Upon its face it was regular, and gave the defendant all the information that he could have gained if it had been properly certified to. If it had been attacked below, or in a direct manner, the service would have been set aside. It was so irregular that any court, when informed of the irregularity, would have set aside the judgment. When comparing this service with the service that is required to be made in actions commenced in the district court, it is found, and has been held, not necessary that the summons issued by the district court should be certified to by the sheriff or officer serving the same. While there is no direct statute in that case requiring such certification, yet it tends to show that the certification of a summons is not essential to its validity. So it is with all other process issued out of the district court, such as subpenas, and other orders: a copy without certificate is all that is required. We therefore conclude that the service was not void, but only voidable.

The next complaint is, that the district court erred in its judgment: first, in the amount of the judgment; and second, in dividing the costs. The judgment upon which the execution was issued was for $146.19, and the district court in rendering judgment for a return of a part of the property found its value to be $220; and, in case the property was not returned, a judgment was rendered for the defendant in error for the sum of $220. This was error. The defendant in error as constable was only interested in the return of the property to the extent of the amount set out in the execution under which he held the property, and the only jurisdiction he had over the property was to secure the payment of the judgment upon which the execution was issued, and in no event could it exceed the amount of the original judgment,

and costs.   The judgment must therefore to that extent be modified.

The second complaint is, that in rendering judgment the court divided the costs; and plaintiff in error contends, that as he recovered a judgment for a part of the specific property, no costs could be taxed against him, but such costs must follow the judgment.   This claim would be correct, provided the plaintiff had recovered a judgment for all the property.   In that case, the statute provides that in a judgment for the return of specific personal property the costs must follow the judgment; but in this case the judgment was for both plaintiff and defendant, and judgment for the plaintiff for the possession of the remainder; and we think the court correctly divided the costs.   This is the rule laid down by this court in *Dresher v. Corson*, 23 Kas. 313.

It is therefore recommended that the cause be remanded to the court below, with directions that the judgment be corrected as indicated herein, and when so corrected that it be affirmed.

By the Court: It is so ordered.

All the Justices concurring.