FIRST NAT. BANK OF HENNESSEY V. FARQUHARSON *et al.*

No. 2071, Okla. T.   Opinion Filed September 10, 1908.

(97 Pac. 559.)

1. **REPLEVIN—Evidence.** Where, on the trial of an action of replevin brought by a mortgagee against a mortgagor to secure possession of a quantity of wheat, it develops that the wheat taken on the writ by the sheriff, although in the possession of mortgagor, in fact belonged to a third party, and the court renders judgment denying possession to the plaintiff and awarding it to the defendant, Held not error.

2. **SAME—Erroneous Judgment.** Where, in an action of replevin, it is shown that plaintiff is entitled to recover a portion of the property included in the writ, and the judgment rendered contains no reference thereto, but awards possession of certain other property to defendant, from which judgment plaintiff appeals, plaintiff is entitled to have judgment rendered for the property awarded him; and to recover his costs in the trial court.

(Syllabus by the Court.)

*Error from District Court, Kingfisher County; C. F. Irwin, Judge.*

Action by the First National Bank of Hennessey against W. L. Farquharson and Augusta C. Richardson. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

In this case, W. L. Farquharson, on the 27th day of February, 1901, made, executed, and delivered to the First National Bank of Hennessey, Okla,, his promissory note in the sum of $2,500. The payment of this note he secured by a chattel mortgage upon some scales, warehouses, bins, and wheat located along the line of the Rock Island Railway Company in Kingfisher and Canadian counties of Oklahoma Territory. Default being made in payment of the note on October 29, 1902, the payee brought suit in the district court of Kingfisher county to replevy the mortgaged chattels. Under the writ issued the sheriff levied upon the scales, bins, and warehouses mentioned in the mortgage, along with a quantity of wheat, something in excess of 2,000 bushels,

located in an elevator in the city of Hennessey, Okla. A redelivery bond was executed, and the defendant retained possession thereof. The conflicting claims over the right to the possession of this wheat at the time of the institution of this suit produce the controversy before us. On the trial to the court, without a jury, judgment was rendered in favor of the defendant, and the plaintiff brought the case to this court by proceedings in error.

*Patrick S. Nagle* and *W. A. McCartney*, for plaintiff in error.

*Robberts & Curran, W. L. Moore* and *J. H. Antribus*, for defendants in error.

DUNN, J. (after stating the facts as above.) A careful perusal of the briefs and record, and a consideration of the facts as established, brings us to the conclusion that it will not be necessary to discuss or pass upon the sufficiency of the chattel mortgage to cover the wheat involved. The uncontradicted testimony of two witnesses, one being the assistant cashier of the Farmers' & Merchants' Bank of Hennessey, Okla., and the other being the defendant, is that the wheat taken by the sheriff under the writ issued to him did not belong to Farquharson, but that it was the property of A. C. Richardson; the testimony being that Farquharson did not have a dollar invested in the wheat, but that he purchased it with money furnished by Richardson, and that the wheat belonged to Richardson, who held the title to it until his money was returned to him. The assistant cashier testified positively on this point, as did also the defendant. The testimony shows that he was entitled to the possession of it for the purpose of shipping, and it was doubtless upon this point that the lower court held in his favor and against plaintiff. Primarily, in order for plaintiff to prevail, it was necessary for the evidence to show that the property to which it sought to secure possession under its chattel mortgage was the property of the mortgagor, and its failure here was fatal to its recovery.

A brief abstract of the testimony above referred to is as

follows: Tillie E. Baldwin testified that she was assistant cashier of the Farmers' & Merchants' Bank, and knew S. P. Richardson, who was dead, and his wife, who was administratrix of his estate, was also acquainted with the defendant, and remembered the circumstances of the action in which the wheat in question was replevined which was in the Shaw elevator. Her testimony was then as follows:

"Q. Do you know who the wheat belonged to that was in the Shaw elevator, the wheat replevined in this case? A. Yes. Q. Who did it belong to? A. Mr. Richardson. Q. Do you know how it was purchased—how it was bought? A. Yes, sir. Q. And the manner in which it was paid for? A. Yes, sir. Q. You may state fully to the court what you know about it. A. The wheat was bought by Farquharson, and paid for by Richardson, and the wheat was to be Richardson's until it was sold and he was reimbursed."

The manner in which the wheat was bought and paid for was further explained by Miss Baldwin as follows:

"Mr. Richardson was to furnish the money, and Mr. Farquharson was to buy the wheat, and the wheat was to be Mr. Richardson's until it was shipped and he got his money back. The wheat was bought by checks, and was carried as an overdraft in the bank. Never a cent was put in the account, except what was paid out, until the wheat was sold."

And she further testified that at the time Farquharson stopped business—closed up business—with Richardson, there was still an overdraft.

The defendant, Farquharson, testified as follows:

"Q. State what your agreement was about the title to the wheat. A. The agreement was Mr. Richardson was to pay for the wheat, and the title was to remain in him until he was reimbursed for the amount he put in and advanced on the wheat. He was to charge interest on overdrafts, and commission on drafts, and I was to have the profits when the wheat was disposed of. Q. The title was to remain in him until the wheat was paid for? A. Yes; until he got his money back. Q. Was this wheat in controversy bought under that agreement? A. It was."

From the manner in which this wheat was purchased, and from the fact that at the conclusion of the transaction there was still an overdraft, it is evident that all of this wheat belonged to Richardson, as Farquharson had no interest in it further than the profits, and as there was no profit he had no interest. Hence it must follow that the judgment of the lower court in reference to the wheat must be affirmed.

Counsel for plaintiff in error raises the question in his motion for new trial and in his brief before this court that the lower court failed to render judgment upon the issue as to who was entitled to the balance of the property taken by the sheriff under his writ. No specific contest was made upon the right of plaintiff to the possession of this property, either in the pleadings or in the evidence; the only matter of controversy being who was entitled to the wheat in question. The plaintiff was entitled to a judgment awarding it the balance of the property taken by the sheriff under the writ. This being true, the costs in the lower court should have been assessed against the defendant, and, the defendant having prevailed in this court on the main question in issue here, the costs of appeal are properly assessable to the plaintiff.

Her case is remanded to the district court of Kingfisher county, with instructions to enter judgment in accordance with this opinion.

All the Justices concur.