## SMITH PREMIER TYPEWRITER CO. v. GRACE, *Sheriff.*

No. 803.    Opinion Filed May 9, 1911.

'(115 Pac. 1019.)

1.    **APPEAL AND ERROR**—Review—Scope of Record—Apportionment of Costs. In an action of replevin in which the property taken under the writ consisted of several articles, and in which judgment was rendered in favor of plaintiff for a part of the property and in favor of defendant for the remainder, a judgment that each party pay half the costs will not be held reversible error in the absence of any showing as to the amount of costs incurred by either of the parties.

2.    **SALES**—Conditional Sales—Title Note—Description of Property—Sufficiency. Where the description of a typewriter in a title note, reserving in the vendor title to the said property until the note given in payment of the purchase price therefor is paid, corresponds with the machine sold and intended to be described

in the title note, except as to the ind'vidual number of said
machine, and the vendee had no other machine to which such
description could apply so that a third person could be mis-
led by the imperfect description, and where all other descriptive
statements in the title note applied to the machine in question,
and could apply to no other machine owned by the vendee, and
it is admitted that the machine claimed is the same as was in-
tended to be covered by the note, the description will not be
held insufficient.

(Syllabus by the Court.)

*Error from District Court, Pottawatomie County; W. N. Maben, Judge.*

Action by the Smith Premier Typewriter Company against
W. A. Grace, Sheriff of Pottawatomie County. Judgment for
plaintiff for part of the relief asked, and defendant brings error.
Reversed and remanded.

*Boggs & Wells,* for plaintiff in error.
*Pendleton, Abernathy & Howell,* for defendant in error.

HAYES, J. This is an action in replevin brought by plain-
tiff in error in the court below against defendant in error to re-
cover the possession of six typewriters and one tabulator. The
trial in that court was upon an agreed statement of facts to the
court without the intervention of a jury. The judgment of the
trial court was in favor of plaintiff for possession of five of the
typewriters and the tabulator and for defendant for one of the
typewriters, and divided the costs equally between the parties.
The two alleged errors complained of in this proceeding are, first:
The taxing of half of the costs to plaintiff; and, second, error of
the court in rendering judgment in favor of defendant for posses-
sion of one of the typewriters.

Plaintiff in error contends that because it prevailed in the
lower court in obtaining judgment for a part of the property
sued for, all the costs of the action should have been adjudged
against defendant. It relies upon section 4781 of Wilson's Rev.
& Ann. Statutes 1903, which provides:

"Where it is not otherwise provided by this and other stat-

utes, costs shall be allowed of course to the plaintiff, upon a judgment in his favor, in actions for the recovery of money only, or for the recovery of specific, real or personal property."

It also relies upon the decision of this court in *First Nat. Bank of Hennessey v. Farquharson et al.*, 22 Okla. 27, 97 Pac. 559. Section 4782 of the same statute provides:

"Costs shall be allowed of course to any defendant, upon a judgment in his favor, in the actions mentioned in the last section."

In *First National Bank v. Farquharson, supra,* the property in controversy consisted of some machinery and a quantity of wheat. The contest in the trial court was principally over the right of possession of the wheat and the judgment of that court was in favor of defendant. No judgment was entered as to the other property, although it was established at the trial that plaintiff was entitled thereto. On appeal by plaintiff from the judgment of the trial court as to the wheat, the judgment of the court as to defendant's right of possession to the wheat was not disturbed, but it was held that because plaintiff prevailed, or should have prevailed in the lower court as to part of the property, he was entitled to a judgment assessing the costs in the lower court against the defendant. No consideration or reference to the foregoing statutes was made in that decision; and it is probable that the court's attention was not called thereto. These provisions of the statute were adopted into this jurisdiction from the state of Kansas, where similar questions had arisen under them before their adoption. Upon the question now under consideration, Mr. Justice Brewer, speaking for the court, in *Dreshnet v. Corson,* 23 Kan. 313, said:

"The only remaining question is that of costs. The court required each party to pay its own costs. This may not be technically in conformity to the statute, for that provides that costs shall follow the judgment in favor of either plaintiff or defendant. Comp. Laws 1879, p. 682, §§ 589, 590. Here a judgment was entered in favor of each, and perhaps strictly a judgment should have been entered in favor of each that he recover costs

of the opposite party, or that the one who had expended the most should recover a judgment for the excess. But in the absence of any showing as to the amount of costs on either side, we do not feel warranted in disturbing the form of the judgment. We doubt not it is substantially correct."

The rule laid down by this case was subsequently approved and followed in *Friend v. Green*, 43 Kan. 167, 23 Pac. 93, wherein each party obtained judgment for a portion of the property involved in the action, and the court awarded judgment dividing the costs between them, and the foregoing rule seems to prevail in other jurisdictions where similar statutes exist. *Lanyon et al. v. Woodward*, 65 Wis. 543, 27 N. W. 337; *Field v. Post,* 38 N. J. Law, 346; *Whitaker v. Sigler,* 44 Iowa, 419.

The decisions of the Kansas court construing these statutes became binding upon the courts of this jurisdiction upon the adoption of said statutes; and, in so far as the case of the *First National Bank v. Farquharson, supra,* is in conflict therewith, the same is overruled. The correct construction of these statutes and application thereof to the facts involved in this case, we think is made in the language of Mr. Justice Brewer, *supra,* from the Dresher case. There is a judgment in this action in favor of each of the parties for possession of part of the property involved, and each of them under the foregoing statute is entitled to a judgment for his costs expended in obtaining such judgment in his favor. The court divided the costs between them. It is not made to appear here what the costs of each are—whether the costs of one exceed those of the other, or were equal—and we are unable to say from the record that a judgment in favor of each for half the costs is prejudicial error, in the absence of any evidence that plaintiff's costs exceed those of defendant.

The agreed facts are that on the 5th day of November, 1905, the Smith Premier Typewriter Company, plaintiff in error, made a conditional sale, and delivered to E. C. Yeaton and H. H. Hollopeter six Smith Premier typewriters, all of No. 2 series, and with individual numbers as follows: 100,812, 100,758, 100,-

633, 100,676, 100,527, 100,696, and one Smith Premier tabulator No. 6676. Yeaton and Hollopeter executed for these machines their twelve notes by which title to the machines was reserved in the vendor until all of said notes were paid. A copy of the twelfth note in this series was filed in the office of the register of deeds in and for Pottawatomie county, in which all of the property was located. All the machines were correctly described in the original notes, but in the copy filed with the register of deeds, it is admitted there was an error in the number of the last above mentioned typewriter, in that the copy of the note filed described the individual number of said machine as 10,696, instead of 100,696, as shown by the original note. Some time during the year 1906, Yeaton and Hollopeter sold and transferred their title and interest in the machines to the Shawnee Business College, a corporation, of which they were respectively president and secretary, and the machines continued in their possession as officers of said company until levied upon by defendant in error under writ of attachment sued out by two employees of the business college to enforce the collection of sums of money due them by the college. The order of attachment sued out by these employees was sustained and the machines ordered sold, and they were being held by defendant in error for that purpose when this action was brought. Neither of the attaching creditors had any actual notice of the existence of the title notes to plaintiff in error, or of any error as to the description of the number of any of said machines, or that the machines were unpaid for. It is admitted that default has been made in the payment of the notes, and that said typewriters were the only ones ever purchased by Yeaton and Hollopeter from the Smith Premier Typewriter Company, and the only machines owned and in possession of them or the Shawnee Business College at the time the order of attachment was sued out and levied upon them; and that the 100,000 series of the Smith Premier typewriters is not the same model as those of the 10,000 series.

The principal question presented by the second assignment of

error upon these facts is whether the description of the property
in the copy of the title note filed with the register of deeds was
sufficient to give notice to the attaching creditors of plaintiff's
claim, and whether the error in the description of the one ma-
chine now in controversy by incorrectly stating its individual
number renders the mortgage void as between plaintiff and the
attaching creditors. The trial court seems to have been of the
opinion that the defect in the description was fatal to the rights
of plaintiff as against attaching creditors. In this view we think
he is in error. Section 7911, Snyder's Comp. Laws of Okla.
1909, provides that all instruments in writing or promissory notes
evidencing the conditional sale of personal property and retaining
the title to same in the vendor, until the purchase price is paid,
shall be void as against innocent purchasers of the creditors of
the vendee, unless the original instrument or a true copy thereof
shall have been deposited in the office of the register of deeds in
the county where the property shall be and remain, and when
such original instrument or a true copy thereof is deposited, it
shall be subject to the laws applicable to the filing of chattel
mortgages. The law does not require that the description of the
property in a chattel mortgage shall be so definite and accurate
that the property may be identified upon the facts disclosed on
the face of the mortgage. The description is sufficient
if it will enable a third person, aided by inquiries which
the mortgage indicates, to identify the property, and a
mistake in the description of one or more items included in the
mortgage will not vitiate the mortgage as to a third person, un-
less the mistake is such as has misled or would naturally mis-
lead, notwithstanding due diligence of third persons. *Barrett v.
Magner,* 105 N. W. 118, 117 N. W. 245, 127 Am. St. Rep. 531;
*Adamson v. Fagan,* 44 Minn. 489, 47 N. W. 56. In the latter of
the foregoing cases a white horse was described in the mortgage as
a gray horse. The other items of description in the mortgage
were true; and it was held that the misdescription of the horse

as to its color did not vitiate the mortgage as to a purchaser from the mortgagor, who had not been, after due diligence, misled by the misdescription.

In *Adams & Frederick Co. v. South Omaha Nat. Bank,* 123 Fed. 641, 60 C. C. A. 579, the mortgage covered 482 head of steers described as being two and three years old past, all dehorned and all branded with a certain brand, and all of said cattle' being owned by the mortgagor and in his possession on certain described premises. In the action between the mortgagee and a subsequent purchaser, the testimony tended to show that a good many of the steers in controversy were not branded or dehorned as described in the mortgage; and it was therefore claimed that they were not covered by the mortgage. But upon its being shown that the mortgagor had on the premises described only 471 head of steers of the ages specified, the mortgage was held valid as to all of said steers, because the description was deemed sufficient, aided by such inquiries as the mortgage itself suggested, to enable a third party to identify them as those intended to be conveyed, notwithstanding the misdescription as to the brand and as to their being dehorned.

In *King v. Aultman,* 24 Kan. 246, the mare mortgaged was described as follows: "One bay mare, one hind foot white, and white spot in face, branded 'G,' 17 hands high, 5 years old," and being in possession of the mortgagor in Clay county, Kan. The evidence showed that the mare was 15¾ hands high instead of 17, and was branded "J" instead of "G." All the other items of description applied to the mare and did not apply to any other animal of the mortgagor, and the false description in the mortgage applied to no other animal of the mortgagor. It was held that the mortgage was valid as against a subsequent purchaser of the property who had no actual knowledge of the mortgage.

In *Harris v. Kennedy et al.,* 48 Wis. 500, 4 N. W. 651, the age of the cattle mortgaged was misstated, but it was held where it clearly appeared from the evidence what cattle were intended to be mortgaged and where the party claiming in opposition to the

mortgage was not misled by the erroneous description and could not have been misled in the exercise of ordinary care, the mortgage was valid as against a subsequent purchaser.

Other cases holding in harmony with the foregoing are: *Swinney v.. Merchants' Bank,* 95 Mo. App. 135, 68 S. W. 960; *Lamar et al. v. Coleman, Ray & Co.,* 88 Ga. 417, 14 S. E. 608; *First Nat. Bank of Redfield v. Koechel,* 8 S. D. 391, 66 N. W. 933; *Schneider v. Anderson,* 77 Minn. 124, 79 N. W. 603; *Dodge v. Potter et al.,* 18 Barb. (N. Y.) 193; *Schmidt v. Bender,* 39 Kan. 437, 18 Pac. 491. In the last-mentioned case, in the syllabus by the court, it is held:

"Where the description substantially corresponds with the property intended to be mortgaged, and the mortgagor had not other property to which it could apply, so that neither the defendants nor any one else could be misled by the indefinite or imperfect description, and where it is admitted that the property claimed is the same as was intended to be mortgaged, the description will not be held insufficient."

Every descriptive statement contained in the title notes, except the individual number of this machine in controversy, was true, correct, and applicable to no other machine owned by the makers of the note or by the business college. These six typewriter machines are described as having been purchased from plaintiff in error; that they were to be kept in the county in which the notes were executed, to wit, Pottawatomie county; and to be kept in the possession of the makers of the notes; that they are Smith Premier typewriters; that they are all of series No 2. All of these descriptive facts are applicable to the machine in controversy, and were not applicable to any other machine owned by the makers of the notes, because it is agreed that they owned no other machines. The only variation in the description is the giving the individual number of the machine as 10,696, instead of 100,696; but neither the makers of the note nor the business college had any machine to which the erroneous description applied, and had the attaching creditors exercised precaution in examining the records and followed the examination up with the

inquiries that the information afforded by the description contained in the note suggested, they would have learned that no other machine could have been referred to in the mortgage than the one in controversy and the other five about which there is no controversy; and they could not have been misled, for there is no controversy as to this machine being the machine intended to be conveyed by the mortgage.

For the foregoing reasons, the judgment of the trial court is reversed and the cause remanded with directions to enter judgment in favor of plaintiff for all of the machines.

All the Justices concur.