WILLIAM M. BOYLE, Appellant, v. PLYMOUTH COUNTY, Appellee.

Sheriffs: FEES: EXPENSES: CONSTRUCTION OF STATUTE. Under the provisions of section 4 of chapter 94 of Acts of the Nineteenth General Assembly, giving to the sheriff of a county "for each warrant served two dollars, and the repayment of any amount actually paid out by him as necessary expenses in executing such warrant as sworn to," a sheriff is not entitled to repayment of money expended for a team and carriage necessary for his personal conveyance to the place of service of a warrant placed in his hands, nor for the proper feeding and care of a team while in use for such purpose.

*Appeal from Plymouth District Court.*—HON. F. R. GAYNOR, Judge.

MONDAY, OCTOBER 16, 1893.

ACTION to recover sheriff's fees. The plaintiff is the sheriff of the defendant county. The amount in controversy being less than one hundred dollars, the legal propositions to be considered are presented by a certificate from the trial judge. The question certified under the first count of the petition is as follows:

"*First.* When, in a criminal proceeding for a violation of a statute of the state, a justice of the peace issues a warrant, and places it in the hands of a sheriff for service, and, in the proper discharge of his duty to serve the same, it becomes necessary for said sheriff to use a team of horses and carriage to travel to the place where said arrest is made, is he entitled to recover from

the county money paid out for the use of a team hired and used by him for such purpose, when, upon the trial of said cause, the defendant·is acquitted, and the costs taxed to the state, including the costs of said conveyance, which cost is included by the sheriff in his bill of fees and expenses for the service of said warrant?"

The legal propositions submitted under the second and third counts of the petition are with the facts substantially the same, except that in those counts the sheriff used his own team, and in the second count he seeks to recover "for the proper feeding and care of said team," and in the third for "the reasonable value of the use of said team." The cause was before the district court upon a demurrer to each of the three counts of the petition, which the court overruled as to the first count of the petition, and sustained it as to the second and third counts, holding, in effect, that there could be a recovery for money expended in hiring a team, but not for the expenses for the feeding and care of his own team, nor for the use of the same. From a judgment in harmony with the rulings both parties appeal.—On plaintiff's appeal, *affirmed*; on defendant's appeal, *reversed*.

*Ira T. Martin*, for plaintiff.

*Patrick Farrell*, for defendant.

GRANGER, J.—The questions involve a construction of the law as to the compensation of sheriffs, and chapter 94 of Acts of the Nineteenth General Assembly, is upon the subject. The chapter has numerous provisions providing compensation for particular services, and also provides an annual salary for attending courts, "and for other service for which no compensation is allowed by law." Section 4 of the act provides for compensation for serving warrants, in the following language: "For each warrant served, two

dollars, and the repayment of any amount actually paid out by him as necessary expenses in executing such warrant as sworn to by the sheriff. If service of the warrant can not be made, the repayment of all necessary expenses actually paid by the sheriff, while attempting in good faith to serve such warrant within this state, and such reasonable compensation as the board of supervisors may deem just and equitable." Section 13 of the act gives "mileage in all cases required by law, going and returning, per mile, five cents." We do not think the personal expenses of the sheriff in traveling to and from the place of serving the warrant are the "necessary expenses in executing it," within the meaning of the act. Certainly, a repayment of money paid for a team for the personal conveyance of the sheriff comes no more within the meaning of the act than would the repayment of railroad, boat, or stage fare, or, for that matter, the subsistence of the sheriff in going to and returning from the place of serving a warrant; and it is not claimed that such expenses are contemplated by the law.

The law, then, does not mean all necessary expenses, but certain expenses that are to be sworn to by the sheriff. In the service of a warrant the law contemplates, in all cases, a loss of time, for which two dollars are allowed, and that there may be expenses of travel, for which the mileage is allowed. These are designed as full compensation for the service and ordinary expenses of the sheriff. They may in some cases, where the particular service is considered without reference to the general duties of the sheriff, seem inadequate, and this is perhaps true of particular services rendered by all officers where fees are allowed; but the design of the law is, by a graduation of all fees, to make the entire compensation of the officer adequate for his entire service, and hence the mere fact that the allowance for service and mileage is not a

sufficient compensation for the time given and the money expended is not controlling.

There are often expenses other than those usually incurred in the service of a warrant, as necessary additional expense for the conveyance of the person arrested, his subsistence, and perhaps assistance to make the arrest or retain the prisoner after the arrest. Such as these are the necessary expenses contemplated by the law, for which there is to be a "repayment." We are clearly of the opinion that the sheriff is no more entitled to repayment of money expended for a team for his personal conveyance than he would be to compensation for the use of his own team. It is true the law uses the term "repayment," which would be applicable to the case of hiring or expending money for a team, and this may have been the controlling thought with the district court; but we are not prepared to say that it was the intent of the law to provide that in case a sheriff used his own team it should be without compensation, but if he expended money for the use of one it should be repaid. It is the use of the team in either case, and there is no reason for the distinction. What we have said applies alike to the question as to repayment of expenses for the keeping and care of the sheriff's team.

The plaintiff makes the point in argument that the justice of the peace gave judgment for these claims, or allowed them as costs in the criminal proceeding, and that the remedy was in those proceedings to avoid the effect of such allowance, and not in this. It is sufficient to say that the court has certified to us no such question, and we are limited to the considerations of the questions certified.

We think the questions certified should be each answered in the negative. Our considerations lead to the following conclusions: On the plaintiff's appeal the judgment is AFFIRMED; on the defendant's appeal it is REVERSED.