THOMAS W. WHEELER, Appellant, v. CLINTON COUNTY.

**Constable Fees.** A constable is not, in addition to mileage, entitled to be repaid his car fare expended in delivering a prisoner on *mittimus*, and returning.

**TRIAL FEE.** Constable is not entitled to one dollar for attending trial before a justice, when no objection is made to the information, no evidence introduced, and a plea of guilty had.

*Appeal from Clinton District Court.*—HON. P. B. WOLFE, Judge.

WEDNESDAY, OCTOBER 10, 1894.

ACTION at law to recover fees alleged to be due the plaintiff for services rendered by him as constable. There was a trial by the court without a jury, and a judgment in favor of the plaintiff for a part only of the amount claimed. From that judgment he appeals.—*Affirmed.*

*Pascal, Armentrout & Milligan* for appellant.

*A. R. McCoy* for appellee.

ROBINSON, J.—I. Two questions have been certified by the trial court for our determination, the first of which is as follows: "*First.* Under section 3820 of the Code, is a constable entitled to his own car fare going and returning from county jail with a prisoner on a mittimus in a criminal case, in addition to the car fare paid by prisoner and his mileage allowed by law?" The section of the Code referred to is as follows: "Every officer or person who shall arrest any person with a warrant or order issued by any court or officer, or who shall be required to convey a prisoner from a place distant from the county jail to such jail on an order of commitment shall be

allowed to charge as fees, which shall be collectible the same as other fees in criminal cases, besides the fees allowed by law, whatever sums such officer or person shall actually and necessarily pay for carriage hire in so conveying such person to jail." For serving each mittimus a constable is entitled to thirty cents, and for traveling fees, going and returning, five cents per mile. Code, section 3805. It is claimed by appellant that where a constable is required to convey a prisoner a considerable distance to the county jail, and that distance is traveled in a railway car, that the fare of the officer is an expense necessary to enable him to perform his duty, and is "carriage hire," within the meaning of the statute. In the case of *Boyle v. Plymouth Co.*, 80 Iowa, 376, 56 N. W. Rep. 524, this court had occasion to construe that portion of chapter 94 of the Acts of the Nineteenth General Assembly relating to sheriff's fees, which reads as follows: "The sheriff is entitled to charge and receive the following fees: * * * Sec. 4. For each warrant served two dollars, and the repayment of any amount actually paid by him as necessary expenses in executing such warrant as sworn to by the sheriff. * * *" "13. Mileage in all cases required by law, going and returning, per mile, five cents." It was said that the personal expenses of a sheriff in traveling to and from the place where the warrant is served are not "necessary expenses in executing it," within the meaning of the provision quoted, and that the two dollars allowed for serving the warrant was designed to compensate the officer for the time required, and the mileage was allowed for traveling expenses. The ruling in that case is applicable to the question under consideration. Railway fare paid by the officer for his own transportation is not "carriage hire" paid for conveying the prisoner, but is an expense for which the allowance for mileage is made. It is no doubt true that the fees fixed by the statute for serving a mittimus may

be inadequate in some cases, but we can not, for that reason, place a construction upon the statute not warranted by its language. That is not doubtful, and the question certified must be answered in the negative.

II. The second question certified is as follows: "*Second.* Under section 3804 of the Code, is a constable entitled to a fee of one dollar for attending trial before a justice of the peace in a criminal case in which there is a plea of guilty, and judgment thereon, and in which no objection is made to the information, and no evidence introduced, and no trial, unless one is implied in these facts?" The section specified in the question relates to fees of justices of the peace, and no doubt the next section, which refers to fees of constables, is intended. That provides that constables shall be entitled to charge and receive "for attending each trial in a criminal case, for each calendar day , one dollar." Section 3804 of the Code provides that justices of the peace are entitled to one dollar "for trial of all causes, civil or criminal, for each six hours or fraction thereof." That provision was construed in *Mathews v. Clayton Co.*, 79 Iowa, 511, 44 N. W. Rep. 722, where it was held that there was no trial, within its meaning, in a criminal case, in which the proceedings were precisely the same as those certified in this case. The word "trial" is used in the same sense in the provisions quoted from the two sections, and must be given the same effect. It follows that the second question must be answered in the negative. The judgment of the district court is AFFIRMED.