L. L. BYBEE, Appellant, v. MARION COUNTY.

**Sheriffs:** EXPENSES IN CRIMINAL CASES.  In  counties of more than 11,000 population and less than 28,000 the board of supervisors is required to allow the sheriff compensation for his traveling expenses, incurred and paid by him in the service of criminal process, in addition to his salary.

*Appeal from Marion District Court.*— HON. JAMES D. GAMBLE, Judge.

FRIDAY, OCTOBER 20, 1905.

ACTION to recover the expenses incurred by plaintiff as sheriff in the payment of railroad fare and livery hire, hotel bills, etc., in the execution of criminal process.    A demurrer to the petition was sustained, and judgment rendered for the defendant, from which plaintiff appeals.— *Reversed*.

*Kinkead & Mentzer,* for appellant.

*Crozier, McCormack & Welch,* for appellee.

McCLAIN, J.— It is alleged in the petition that the county has a population of over 11,000 and less than 28,000, and with reference to such counties it is provided in Code Supp. 1902, sec. 510a, that the sheriff shall receive in compensation for his services including the salary provided by Code, section 511, the sum of $2,000 per annum, to be paid out of the receipts of the office, and that in such counties, "in which the receipts of the office and the salary allowed under section 511 of the Code do not amount to the sum of $1,800 per annum, the board of supervisors shall, at the

January session thereof following, make an allowance to the sheriff of a sum equal to the difference between the receipts of the office in the previous year and $1,800." The effect of these provisions is to guarantee to the sheriff in such counties a compensation of $1,800, if the receipts of the office amount to less than $2,000, and of not to exceed $2,000, provided the receipts of the office amount to $2,000 or over, and leave the compensation, if less than $2,000, dependent to some extent on the amount of such receipts. It is further provided in Code Supp. 1902, sec. 510a, that " the expenses necessarily incurred and actually paid while engaged in the performance of official duties in serving criminal process or commitment to the penitentiaries, industrial schools, or asylums shall be allowed by the board of supervisors and paid as other claims against the county and the sheriff is allowed to retain all mileage collected by him in the service of civil process." The question presented in this case is whether the board is required to allow the sheriff as expenses the amounts necessarily paid out by him for railroad fare, livery hire, and hotel bills, while traveling for the purpose of serving criminal process.

It is conceded for the sheriff that the mileage in the service of civil process covers his expenses incurred in connection with such services, but it is claimed that as no mileage is allowed him in the service of criminal process, the expenses incident to such service are to be allowed the sheriff as reasonable expenses of his office. It is difficult to interpret Code Supp. 1902, secs. 510a, 510b, as applied to the previous provisions found in Code, sec. 511, but we think the effect of the subsequent statute was to appropriate to the benefit of the county, all the fees provided for in Code, sec. 511, except the mileage for service of process in civil cases, and to allow the sheriff a salary in lieu of such compensation, which salary is made to depend to some extent on the amount of fees received by him. As no provision is made for reimbursing him for his traveling expenses in the

service of criminal process, it must have been intended by the Legislature that such expenses shall be allowed as " expenses necessarily incurred and actually paid while engaged in the performance of official duties in the service of criminal process, etc.," as provided in Code Supp. 1902, sec. 510a. The conclusion reached in *Boyle v. Plymouth County,* 89 Iowa, 376, and *Wheeler v. Clinton County,* 92 Iowa, 44, that an officer who is entitled to mileage in connection with the service of process cannot collect the expenses incurred by him in making such service, has no application under the statute which we are now considering for the reason that, as already indicated, no mileage is allowed to him in the service of criminal process, while in the service of civil process, he is allowed to retain the mileage to cover such expenses, and the amount thereof is not taken into account in determining his compensation. It seems to us that it could not have been the intention of the Legislature that, in fixing his compensation, the mileage for the service of criminal process should be appropriated by the county as a part of the receipts of the office, while the traveling expenses in making such service should be borne by the officer.

The judgment of the trial court is therefore *reversed.*