DALLAS COUNTY, IOWA, Appellant, v. J. N. HANES, Sheriff.

**Sheriffs:** COMPENSATION: STATUTES. In counties having a population of over eleven thousand and less than twenty-eight thousand, the sheriff is entitled to receive as his compensation for services, the salary provided in Code, section 511, and where such salary and the receipts of the office amount to less than $1,800, an additional sum under section 510, the maximum limit of which is $1,800.

*Appeal from Dallas District Court.*— HON. EDMUND NICHOLS, Judge.

WEDNESDAY, OCTOBER 16, 1907.

On an agreed statement of facts presenting the question as to the liability of plaintiff county to the defendant with reference to the compensation claimed by defendant as sheriff of the county, the court rendered a decision in favor of defendant sustaining his claim to such compensation, and the plaintiff appeals.— *Reversed.*

*D. H. Miller,* County Attorney, and *Miller & Russell,* for appellant.

*White & Clark* and *E. W. Dingwell,* for appellee.

McCLAIN, J.— The controversy submitted for determination to the lower court on an agreed statement of facts was whether the defendant was entitled to compensation for certain specified years while he held the office of sheriff of plaintiff county, at the rate of $2,000, under Code, section 510, as amended by Acts 29th General Assembly, chapter 27 (Code Supplement 1902, section 510a), which provides that " in counties having a population of over eleven thousand and less than twenty-eight thousand, the sheriff shall receive in full compensation for his services, including the salary provided by section five hundred and eleven of the Code the sum of two thousand dollars, per annum, the same to be paid out of receipts of the office,  .   .   .    provided .   .   .    that in counties having a less population than twenty-eight thousand, in which the receipts of the office and salary allowed under section five hundred and eleven of the Code do not amount to the sum of eighteen hundred dollars per annum, the board of supervisors shall at the January session thereof following make an allowance to the sheriff of a sum equal to the difference between the receipts of the office in the preceding year and eighteen hundred dollars." The plaintiff county is within the class of counties having the population referred to in the portion of the section quoted above, and it is agreed that, as to each of the years in controversy, the receipts of the office for the previous year were such that, unless the language above quoted is to be construed as allowing the sheriff $2,000 compensation, in any event, he was entitled only to $1,800, and should pay back the amount received by him of the county over that sum.

Counsel for appellee concede that it is impossible to give to the whole section, of which the above is only part, a

reasonable interpretation; but they insist that, as applicable to the class of counties having a population less than twenty-eight thousand and exceeding eleven thousand, the effect of this section is to require the county to make to the sheriff a compensation of $2,000 per annum. Taking the whole section together, it is plain, we think, that the provision as to the maximum compensation to be allowed the sheriffs of counties of different classes, coupled in each instance with a specification that such maximum salary is to be paid out of the receipts of the office, indicates an intention that sheriffs are not to receive such maximum salaries, unless the receipts from their offices equal such maximum. It is also apparent that, when the receipts of the office and salary, which under Code, section 511, paragraph 23, may be not less than $200 nor more than $400 in counties of the class to which plaintiff belongs, the sheriff is entitled to the receipts of the office and the salary allowed, and a sum as additional compensation. The question is whether this additional compensation is to be in such amount as to increase the receipts and salary to $1,800 or to $2,000, for counsel concede that the total compensation provided for cannot exceed the latter limit. The construction contended for by counsel for appellee is that, when the receipts and salary do not amount to $1,800, the board is to give by way of additional compensation the difference between the receipts and $1,800, and add thereto a salary of $200, making the total compensation $2,000. It is not explained how the compensation could be increased so as to amount to $2,000 if the receipts of the office and salary together amounted to $1,800, but did not amount to $2,000, save by construing the first sentence in the portion of the section above quoted and in other portions of the section relating to counties of a different class, as giving compensation and salary of the maximum amount, regardless of the receipts from the office. In other words, the theory, proposed by counsel for appellee is that the expression, " to be paid out of the receipts of the office,"

has no other purpose than to determine the fund from which the salary shall be paid. If that were the purpose in using such expression, it would be without significance, for the receipts of the office are accounted for by the sheriff at the end of his term, and any excess goes into the general fund. Without elaboration, we state our conclusion to be that the Legislature intended a less compensation than the maximum where the receipts of the office for the preceding year and the salary allowed, together, are less than such maximum, and to give effect to this intention it is necessary to hold that, where the receipts and salary together amount to less than $1,800 in counties of the class to which plaintiff belongs, the total compensation, including receipts and salary, is to be increased to $1,800, and not further.

Counsel have pressed upon our attention, as throwing light upon the interpretation of the statute, certain amendments made in the Senate to the House bill relating to the subject in the Acts of the Twenty-Ninth General Assembly, insisting that by the terms of the House bill the construction above indicated was plainly intended, while by amendments subsequently made by the Senate, and concurred in by the House, such construction was negatived. If the intent had been to allow $2,000, in any event, in counties of the class to which plaintiff belongs, it would have been so perfectly simple and easy to have so specified that we cannot believe the Legislature to have had any such purpose. We cannot accept the conclusion that, although retaining a limitation, dependent upon the circumstances, as to the allowance of the maximum salary, the Legislature intended to provide that under no circumstances a less amount than $2,000, by way of total compensation, including receipts and salary, was to be paid. If, under any circumstances, the sheriff in such county is to have less than $2,000, then under the showing in this case the defendant is not entitled to a total compensation exceeding $1,800 for each year.

The judgment of the trial court is therefore *reversed*.