S. J. McCORD, Appellant, v. PAGE COUNTY, IOWA, Appellee.

SHERIFFS AND CONSTABLES: Salary—"Receipts of Office"— Construction of Statute. A statute should be construed in the light of subsequent and existing companion statutes on the same subject-matter. Therefore, it is held that the fees to the sheriff for summoning juries, as provided by Sec. 511, Code, 1897, though "to be paid out of the county treasury," constitute "receipts of the office" within the meaning of Sec. 511-a, Sup. Code, 1913, subsequently enacted, which provides for a minimum salary to be paid out of the "receipts of the office." Therefore, such fees should be charged to the sheriff in adjusting his salary.

*Appeal from Page District Court.*—HON. A. B. THORNELL, Judge.

THURSDAY, APRIL 8, 1915.

REHEARING DENIED SATURDAY, OCTOBER 2, 1915.

ACTION to recover an alleged balance due the plaintiff on his salary as a former sheriff of the defendant county. A demurrer to the petition was sustained. The plaintiff elected to stand thereon and his petition was dismissed. He appeals. —*Affirmed.*

*Earl R. Ferguson, C. R. Barnes,* and *T. F. Willis,* for appellant.

*Levi H. Mattox,* for appellee.

EVANS, J.—The plaintiff was the sheriff of Page county from January 1, 1904, to January 1, 1911. He claims a bal-

ance due on his statutory salary for each of the years of his incumbency. The dispute between the parties arises over a construction of the statute. It is conceded that the plaintiff was entitled to a minimum compensation of $1,800 per year; that this amount was to be made up primarily from the receipts of the office; that, if the receipts of the office for any year were less than $1,800, the county was required to pay the difference. The plaintiff received fees for summoning jurors. The amounts thus received ranged from $100 to $150 per year. The board of supervisors of the defendant county treated these amounts as a part of the "receipts of the office." Upon such basis, they allowed the sum necessary to make the compensation $1,800. It is the contention of the plaintiff that the amounts received by him should not be deemed as a part of the receipts of the office within the meaning of the statute and that the computation adopted by the defendant county deprived him of his salary to that extent. The controlling question in the case, therefore, is: Are the fees received by the sheriff for summoning jurors a part of the "receipts of the office" within the meaning of the statute? This question involves a construction of Sec. 510-a and Sec. 511, Code Supplement, 1902. So far as is material to this inquiry, these sections are as follows:

*SHERIFFS AND CONSTABLES : salary : "receipts of office" : construction of statute.*

"Sec. 510-a. In counties having a population of over 11,000 and less than 28,000 the sheriff shall receive in full compensation for his services, including the salary provided by Sec. 511 of the Code, the sum of two thousand ($2,000) dollars per annum, the same to be paid out of the receipts of the office. And any excess over the sums provided in all counties shall be paid into the county treasury annually. In all counties, the expenses necessarily incurred and actually paid while engaged in the performance of official duties in serving criminal processes, or commitments to the penitentiaries, industrial schools or asylums, shall be allowed by the board of

supervisors and paid as other claims against the county, and he shall be allowed to retain all mileage collected by him in the service of civil process. Provided, . . . that in counties having a less population than 28,000, in which the receipts of the office and salary allowed under Sec. 511 of the Code do not amount to the sum of $1,800 per annum, the board of supervisors shall, at the January session thereof following, make an allowance to the sheriff of a sum equal to the difference between the receipts of the office in the previous year, and $1,800. . . . And provided further, that all fees earned and uncollected at the end of each year shall belong to the county, and when paid shall by the clerk of the district court be reported to the board of supervisors and paid into the county treasury.''

''Sec. 511. Each sheriff is entitled to charge and receive the following fees: . . .

''3. For each warrant served, two dollars, and the repayment of any amount actually paid by him as necessary expenses in executing such warrant, as sworn to by the sheriff; if service of the warrant cannot be made, the repayment of all necessary expenses actually paid by the sheriff, while attempting in good faith to serve such warrant within this state, and such reasonable compensation as the board of supervisors may deem just and equitable;

''4. For serving and returning a subpoena, for each person served, twenty cents;

''5. For summoning a grand or trial jury, for each person served, sixty cents, to be paid out of the county treasury; and such sum shall be in full compensation for such service;

''6. For summoning a jury to assess the damages to the owners of lands taken for public improvements, and attending them, five dollars per day. . . .

''12. Mileage in all cases required by law, going and returning, five cents per mile; . . .

"23. The sheriff is also entitled, for attending the district court, and for other services for which no compensation is allowed by law, except in counties having a population of over 28,000, an annual salary, which shall be fixed by the board of supervisors, but in no case less than $200 nor more than $400. When sheriffs perform official duties in justices' courts, their fees shall be the same as allowed constables."

It will be noted that we have set forth some portions of Sec. 511 which are not directly applicable to this case. We have set them forth for the purpose of differentiation only.

We have held that provisions for mileage and expenses are additional to this salary and as such are not to be deemed as "receipts of the office." *Bybee v. Marion County*, 128 Iowa 610.

We have also held that the salary fixed by the board of supervisors, under the provisions of Subsec. 23 of Sec. 511, is to be included as receipts of the office and is not, therefore, in addition to the larger salary provided for by Sec. 510-a. *Dallas County v. Hanes*, 135 Iowa 550.

It will be noted that Subsec. 5 of Sec. 511 allows to the sheriff sixty cents for each juror served with summons and provides that this shall be full compensation for such service. The argument for the plaintiff is that this fee is intended to cover *expenses* and nothing more. Such is not the language of the statute. It is argued that the amount allowed is so meager that it could not have been intended for anything but expenses. This provision of the statute was enacted many years prior to Sec. 510-a. The service, therefore, was required of the sheriff long before there was any provision for a minimum salary. This proviso was enacted by the Nineteenth General Assembly. Prior to that time, Sec. 3788, Code of 1873, provided as follows: "Summoning a grand or trial jury, for each panel, including mileage, to be paid out of the county treasury, $8.00."

Whether provision ought to have been made for expenses is not the question before us. There is some expense attendant upon all performance of official duties. Some of these expenses are provided for by statute. Others are not. What is plain to us is that there is no provision for expenses as such for service of summons upon jurors. The legislature doubtless took notice of the well-known fact that the expense usually incurred in the service of summons upon jurors is nominal only. The service is usually and efficiently done by mail and telephone. The time and service of the officer belongs to the office. Under the former law, it was intended to be compensated by the flat fee. Such compensation, both under the Code of 1873 and under Sec. 511 of the present Code, was undoubtedly a part of the "receipts of the office" prior to the enactment of Sec. 510-a by the Twenty-Ninth General Assembly. It became no less a part of the "receipts of the office" after the enactment of Sec. 510-a.

It is further argued that the sixty-cent fee was not deemed a part of the "receipts of the office" because of the provision in the statute that it is "to be paid out of the county treasury." It is urged that the use of this language indicates the intention of the legislature to eliminate the item from the receipts of the office as such for the purpose of adjusting the minimum salary. As already indicated, however, this statute was formulated and enforced for twenty years before the enactment of Sec. 510-a, and before there was any provision for a minimum salary. The purpose of this provision was to make the county liable to the sheriff to this extent for this service. Without such provision, the county would not have been liable and the sheriff could have received nothing for his service. In this respect an analogous situation is presented in Subsec. 23 of Sec. 511 above quoted. By such provision, the board of supervisors was required to make a moderate allowance to the sheriff for services not otherwise provided for. This provision also was enacted long prior to Sec. 510-a. As heretofore indicated, any sum

thus allowed by the board of supervisors is counted as a part of the receipts of the office for the purpose of adjusting the minimum salary. *Dallas County v. Hanes, supra.*

It is argued also that the effect of the ruling below would be to require the sheriff to count as a part of the "receipts of his office" the amounts received for boarding prisoners. If this were so, it would not be an argument for the different construction. The real plausibility of the argument rests upon the distinction in the two provisions. Under the statute, the amount to be allowed for the boarding of prisoners is to be fixed by the board of supervisors, subject to the limitation of a very moderate maximum. Presumably the board of supervisors would take account of the fair cost of such a performance and fix the rate accordingly; but the statute does not contemplate that the feeding .of prisoners should be a source of profit to the public officer as distinguished from the fair cost of food and service.

We think that the statute clearly contemplates the fees in question as a part of the "receipts of the office." .The demurrer, therefore, was properly sustained. Our conclusion at this point is decisive of the case and we need not consider the question of the statute of limitations.

The judgment below is accordingly—*Affirmed.*

DEEMER, C. J., LADD and PRESTON, JJ., concur.