Tomlinson vs. Greenfield.

---

## TOMLINSON VS. GREENFIELD.

1. JUDICIAL COGNIZANCE:
   The courts will take judicial notice of the seasons, and of the course of agriculture.

2. *Mortgage on unplanted crop.*
   A mortgage on an unplanted crop, executed prior to the act of February 11th, 1875, was void at law.

3. LANDLORD'S LIEN: *Is prior to mortgage on the crop.*
   The lien of the landlord is paramount to a mortgage executed by the tenant on the crop.

APPEAL from *Jefferson* Circuit Court.

Hon. J. A. WILLIAMS, Circuit Judge.

*Carroll & Jones,* for appellant.

*Bell, contra.*

Tomlinson vs. Greenfield.

HARRISON, J.:

This was a suit commenced before a justice of the peace, by Tomlinson against Robinson, to enforce a landlord's lien for rent of land in 1875.

The attachment was levied on three bales of cotton grown on the demised premises that year.

Greenfield interpleaded, and upon a trial of the right of property, obtained a verdict. Tomlinson appealed to the Circuit Court, where the verdict was again, upon the trial between them, in favor of Greenfield. Tomlinson, having moved for a new trial and failed to get it, then appealed to this court.

Greenfield was permitted, against the objection of the plaintiff, to read to the jury a mortgage, from Robinson to him, upon the crop to be raised on the land the same year, executed on the 12th and recorded on the 29th of January, 1875, under which he claimed the cotton.

Admitting the mortgage to be read to the jury as evidence of Greenfield's title to the cotton, was an error of the court, for which its judgment must be reversed.

It was said by this court, in *Floyd* v. *Ricks,* 14 Ark., 286, that it will take judicial notice of the seasons, and of the general course of agriculture; and, in that case, the court took notice of the fact that a crop of corn could not have been matured on the 10th of August so as to be severed from the soil; and we will take like notice, that at neither the date of the execution, nor the recording of the mortgage, was the crop upon which it was intended to operate planted or in being. 1 Green Ev., sec. 5.

It is well settled, we think, that as the law was, previous to the act of February 11th, 1875, making valid mortgages on crops to be planted, and when the mortgage in this case was executed, there could be no legal transfer, present or prospective, of property not in existence; and that a mortgage of such was without

effect at law.  In *Apperson & Co.* v. *W. E. & C. L. Moore,* 30 Ark., 66, which was a suit in equity on the mortgage of a future crop, Chief Justice English said:  " Had this been an action at law ' by Apperson & Co., or by the trustee in the deed, for four bales of cotton, or their value, the decision of the court below would have been correct; the action could not have been main-, tained ; because that which has no actual or potential existence, is not the subject of a grant, nor can a man sell or mortgage a thing which he does not own." *Comstock* v. *Scales,* 7 Wis., 159 ; *Lingles* v. *Phelps,* 20 ib., 398 ; *Mowry* v. *White,* 21 ib., 521 ; *Cudworth* v. *Scott,* 41 N. H., 456 ; *Otis* v. *Sill,* 8 Barb., 102 ; *Seymour* v. *Canandaigua and Niagara Falls R. R. Co.,* 25 ib., 286 ; *Maulden, Montague & Co.* v. *Armistead, ex'r, et al.,* 18 Ala., 500 ; Hob., 132.

But though.the crop had been planted at the time the mortgage was executed, and the legal title had passed to Greenfield, Tomlinson's lien as landlord was paramount to it, and he could not hold the cotton aginst it.  Gantt's Digest, sec. 4098; *Sevier, adm'r,* v. *Shaw, Barbour & Co.,* 15 Ark., 417.

The judgment of the court below is reversed, and the cause remanded to it, with instructions to grant the appellant a new trial.