GEORGE GREENAWAY AND EDWARD GREENAWAY v. EDGAR C. FULLER.

*Chattel mortgage on after-acquired merchandise.*

Where the purchaser of merchandise mortgages it in order to pay the vendor, and the mortgage is given, payment made and goods delivered on the same day, the mortgage will not be regarded as given on after-acquired property; and if duly filed the mortgagee can bring trover against a purchaser.

Error to Livingston. Submitted Jan. 12. Decided Jan. 25.

TROVER.    Plaintiffs bring error.    Reversed.

*Rollin H. Person* for plaintiffs in error. A mortgage on property to be hereafter acquired is good, and a filing or registration of it gives notice to purchasers: *Gregg v. Sanford* 24 Ill. 17; *Scharfenburg v. Bishop* 35 Ia. 60; *Morrill v. Noyes* 56 Me. 458; *Everman v. Robb* 52 Miss. 658; *Duke v. Strickland* 43 Ind. 494; one in possession under an executory agreement may mortgage: *Chase v. Ingalls* 122 Mass. 381; *Harrington v. King* 121 Mass. 269; *Crompton v. Pratt* 105 Mass. 255.

*L. S. Montague* for defendant in error. Property acquired after the execution of a mortgage is not included as against subsequent purchasers in good faith or without notice: *Leland v. Collver* 34 Mich. 423; *Farrington v. Bristol* 35 Mich. 33; *Amer. Cigar Co. v. Foster* 36 Mich. 368; *Robson v. Mich. Cent. R. R.* 37 Mich. 70; *Beall v. White* 94 U. S. 396; *Thorpe v. Cowles* (Iowa) 7 N. W. Rep. 677; *Pennington v. Jones* 10 N. W. Rep. 274.

CAMPBELL, J.    Plaintiffs sued in trover for the conversion of an organ mortgaged to them by one Norton. Defendant claimed by a subsequent right acquired from Norton. The court below instructed the jury that plaintiff's mortgage was void as against Fuller, because given on property not then owned by Norton.

The facts were in brief that on the 16th of April, 1879, in the morning, there were four organs, including the one in question, at the express office in Brighton consigned to Norton by the vendors, to be paid for on delivery to him. Norton borrowed the mortgage money from plaintiffs to pay for the organs and their freight, and on such payment the organs were received by him from the express agent that same day.

We do not think this can be regarded as in any sense a mortgage on after-acquired property. The mortgage described the organs, and they were subject to Norton's order whenever he chose to pay for them. The mortgage at once attached to his interest, which became released from conditions as soon as paid for. Nothing further remained to bring the instruments within the express terms of the mortgage. It was a present mortgage in terms and in effect, and the payment merely completed the operation of its language, and removed what was really no more as to the rights of plaintiffs than an encumbrance.

Treating it as a present mortgage, it was properly filed and became notice, so that the other defences do not seem to have any importance. The charge was wrong, and the plaintiffs should have been allowed to go to the jury with their case.

Judgment must be reversed with costs and a new trial granted.

The other Justices concurred.