# SMITH *et al.* v. LA FAYETTE & BRO.

### No. 1083.   Opinion Filed November 14, 1911.

1. **CHATTEL MORTGAGES—Filing—Renewal Affidavit—Time.** A renewal affidavit filed January 15, 1907, pursuant to Mans. Dig. sec. 4751, is filed within 30 days next before the expiration of one year from the filing of a chattel mortgage filed on January 15, 1906, pursuant to the preceding section.

2. **CHATTEL MORTGAGES—Description of Property—Sufficiency.** A description in a chattel mortgage, which is sufficient to put a third person upon inquiry which, when pursued, will enable him to ascertain the property intended to be included in said mortgage, is good.

3. **SAME—Potential Existence of Property.** Where, on January 14, 1906, the mortgagor, living on the W. H. farm, executed a chattel mortgage, which was duly filed for record, on "all of 50 or more acres of cotton and all of 15 or more acres of corn to be planted, grown, and cultivated by me or any one working for or under me during the year 1906, on farm of W. H. (describing it) or on any other farm for the year 1906"; also on "the entire product of the above or any other farm cultivated by me during 1906, 1907, and each succeeding year" until the debt thereby secured was paid; and afterwards held over during the year 1907 and raised the crop attached—held, that said description was sufficient as against a subsequent mortgagee of the same property.

(Syllabus by the Court.)

*Error from District Court, McIntosh County; Preslie B. Cole, Judge.*

Action by Ben F. LaFayette, doing business as LaFayette & Bro., against John R. Smith and John Storms. Judgment for plaintiff, and defendants bring error. Affirmed.

*Charles R. Freeman,* for plaintiffs in error.

*J. B. Lucas,* for defendant in error.

TURNER, C. J.   On October 1, 1907, defendant in error, Ben F. LaFayette, in business as LaFayette & Bro., sued John R. Smith and John Storms, plaintiffs in error, in the United States Court for the Indian Territory, Western District, at Eufaula, for the balance on a certain promissory note of $214.58, due plaintiff

from Smith, and to foreclose a chattel mortgage on a certain crop of corn and cotton to secure the payment thereof. The complaint, after making said note and mortgage exhibits, further alleged that defendant Storms claimed title to the property in virtue of a chattel mortgage subsequently executed to him by Smith on the same and other property, and had taken possession thereof, and was about to sell it pursuant to the terms of his mortgage; and, after further proper allegations, prayed judgment for $146.80, and for an order of specific attachment, which issued and was levied upon said crop described in the writ to be "20 acres of cotton and 5 acres of corn grown on the William Hughes place by the defendant Smith for the year 1907." After Smith had answered, in effect, denying the lien of plaintiff's mortgage, and Storms, in effect, the same thing, and also asserting a lien upon the attached property in virtue of his mortgage, there was a reference and report of the facts and conclusions of law thereon, upon the coming in of which the court, in effect, sustained the former but overruled the latter and rendered and entered judgment for plaintiff, and defendants bring the case here. It is claimed that in this the court erred.

The undisputed facts are that on January 14, 1906, defendant executed to plaintiff his note for $214.58 and a chattel mortgage to secure the payment thereof on "all of 50 or more acres of cotton and all of 15 or more acres of corn to be planted, grown, and cultivated by me or any one working for or under me during the year 1906 on farm of Wm. Hughes, located about 5 miles east of south of Checotah, I. T., or on any other farm for the year 1906," and other personal property, it being the intention to convey to the mortgagee "the entire products * * * of the above or any other farm cultivated by me during the year 1906, 1907, and each succeeding year," until the debt thereby secured was paid; that the same was duly filed with the recorder the next day, pursuant to Mans. Dig. sec. 4750; that later, by sale of said other property, the indebtedness was reduced to $146.81; that at the time said mortgage was executed Smith's right to occupy the Hughes farm for the year 1906 was by virtue of a parol

agreement with his landlord so to do, with no agreement for the year 1907; that, holding over until 1907, he, on March 2, 1907, executed to Storms the chattel mortgage under which he claims the property, thereby conveying as security for his debt all the crops grown by Smith on said place for the year 1907, including other personal property, which was duly filed for record; that about the last of September, 1907, Smith turned over all the cotton and corn so grown that year to Storms in payment of said debt, whereupon plaintiff attached the same as stated, after which defendants executed bond to perform the judgment of the court and have since retained possession of the property.

It is assigned that the court erred when he held, in effect, the lien of plaintiff's mortgage to be superior to that of defendant Storms. It is urged that if a lien accrued in virtue of the filing of plaintiff's mortgage of January 15, 1906, the same, not being renewed by proper affidavit until January 15, 1907, became void as against the mortgage of Storms because not done within 30 days next before the expiration of one year from such filing, in conformity to Mansfield's Digest, sec. 4715. Applying the general rule that in computing time the first day is excluded, the year in this instance would end with January 15, 1907. That being true, the filing of the renewal affidavit on that day would be within the statutory time.

It is next contended that, as the mortgage was executed January 15, 1906, at which time the mortgagor was in possession under a parol agreement good for one year only, he had no potential interest at that time in the crop to be grown thereon during the year 1907, and hence, although he held over, his mortgage to plaintiff of his crops to be grown thereon during the years 1906 and 1907 was void as to the crop of 1907. Not so, for the reason that Mans. Dig. sec. 4749, in force in that jurisdiction at the time said mortgage was executed, and which reads:

"All mortgages executed on crops already planted, or to be planted, shall have the same force and effect to bind such crops and their products as other mortgages have to bind property already in being."

—was intended to and did render nonessential to the validity of

Vol 29—22

the mortgage the potential existence contended for. Prior to its passage a conflict of authority existed; some courts, including the Supreme Court of Arkansas (*Tomlinson v. Greenfield,* 31 Ark. 557), holding a mortgage on an unplanted crop to be void; others holding the same to be good and enforceable in equity where there was at the time of its execution such potential existence. In view of this conflict said statute was passed, placing on a parity the validity of the lien of all mortgages executed on crops planted or to be planted and making them alike enforceable; and that, too, whether there was a potential existence of the crop at the time they were executed or not.

It is next contended that said mortgage is void for uncertainty in that it "undertakes to bind the crops to be raised on the William Hughes farm during the year 1906, 'or any other farm for the year 1906' which John R. Smith may cultivate, and in the event the indebtedness was not paid, then said mortgage was to cover all crops to be produced 'on the above or any other farm cultivated by me during the years 1906 and 1907, and each succeeding year until the above and any and all other indebtedness due LaFayette & Brother shall have been paid in full.'" We do not think so, but are of opinion that said description was sufficient, aided by extrinsic evidence, to put Storms on his guard and enable him to ascertain at the time he took his mortgage that the property in controversy was covered by the prior mortgage of defendant in error. *First National Bank of Bristow v. Rogers,* 24 Okla. 357, 103 Pac. 582, and cases cited.

There is no merit in the remaining assignments of error.

The judgment of the trial court is affirmed.

All the Justices concur.