Chattanooga State Bk. of Chattanooga v. Citizens' State Bk. of Lawton.

## CHATTANOOGA STATE BANK OF CHATTANOOGA v. CITIZENS' STATE BANK OF LAWTON.

No. 2804.   Opinion Filed June 19, 1913.

Rehearing Denied September 2, 1913.

(134 Pac. 954.)

1.   **CHATTEL MORTGAGES—Description of Property—Sufficiency.**
M. had a contract to purchase 100 head of cattle from K., to be taken out of a larger herd belonging to K., all of the same description.   On the 5th of September he mortgaged plaintiff 50 head described by the same brand as all of K.'s herd, and the next day, which was as soon as it could be done under the circumstances, received from K. 100 head.   Immediately, and as part of the same transaction, he delivered to O. 50 of the 100 so received and kept 50 in his possession.   Held:
     (1)   That the mortgage was good as a mortgage of the 50 received and kept by him, and was not void for uncertainty.
     (2)   That it was not a mortgage of an undistinguished portion of a larger herd, but of 50 head which he was in the act of separating from the remainder of the cattle.
     (3)   That it was a mortgage of property of which he was in the act of taking possession, and not of property to be afterward acquired.

2.   **SAME.**   A description of property in a chattel mortgage sufficient to put a person upon inquiry, which pursued will enable him to ascertain the property to be included, is good.

3.   **SAME.**   A mortgage which describes cattle by brand, and states that they are in possession of the mortgagor on a certain quarter section of land, and after the mortgagor has no other property of said description in his possession, is sufficient to put a subsequent mortgagee on notice, though the cattle are not kept on the quarter section mentioned, but on another section not more than a mile and half distant.

4.   **SAME—Detention of Mortgaged Property—Measure of Damages.**
The measure of damages for the detention of cattle of which the plaintiff is entitled to the possession by virtue of a chattel mortgage to secure a debt is interest on the value of the cattle during the period of their detention, where they do not exceed in value the amount of the debt.

5.   **APPEAL AND ERROR—Harmless Error—Assessment of Damages.**   Where the jury assess the value of the property claimed by virtue of a chattel mortgage, but the question of damages is not submitted to them, and they do not assess interest thereon by way of damages, and the date from which interest should be assessed clearly appears from uncontradicted evidence, it is

not reversible error for the court to compute interest from said date and add it to the value as found and render judgment for the whole amount.

(Syllabus by Rosser, C.)

*Error from District Court, Comanche County;*
*J. T. Johnson, Judge.*

Action by the Citizens' State Bank of Lawton against the Chattanooga State Bank of Chattanooga. Judgment for plaintiff, and defendant brings error. Affirmed.

*Parmenter & Lenertz* and *Stevens & Myers,* for plaintiff in error.

*Chas. C. Black,* for defendant in error.

Opinion by ROSSER, C. This was a replevin action by the Citizens' State Bank of Lawton, Okla., hereinafter called plaintiff, against the Chattanooga State Bank of Chattanooga, Okla., hereinafter called defendant, to recover 50 head of steers branded K, 34 head of mixed cattle branded KH and JOP, eleven head of dry cows branded TFF, and 43 head of steers branded O on left side. The controversy here is over cattle bought from Kirkpatrick. The evidence shows that a man named Masoner negotiated with a man named Kirkpatrick to buy from Kirkpatrick 100 head of steers branded K, to be selected from 187 head of steers of the same brand in possession of Kirkpatrick. On the 5th of September, 1903, Masoner executed to the plaintiff a mortgage on 50 head of steers branded K on left side, coming two years old, 34 head of mixed cattle branded KH and JOP on left side, eleven head of dry cows branded TFF on left side, and 43 head of steers, coming three years old, branded O on left side. In addition to this description the mortgage contained the following:

"The mortgagor hereby represents that he is the owner of the above-described property; that the same is free from any incumbrance of every nature, and is now in his possession on the southwest quarter of section 35, township 1 north, range 14 west, in Comanche county, Oklahoma, and that he will defend the title to the same, and he has no other property of said description in his possession."

At the time of the execution of the mortgage these cattle had not been delivered to Masoner. On that day he went to where the cattle were situated, and the next day, the 6th of September, which was Sunday, the 100 head of cattle were cut out of the herd in the possession of Kirkpatrick. In making the delivery of the 100 head 50 tops and 50 tails were cut out of Kirkpatrick's herd. The tops were then and there delivered to a man named Oliver, and Masoner exercised no further control over them. Masoner took the 50 tails into his possession, and kept them in his possession for a time. They were not only branded K, but had a mashed O or link brand on them, as well as other brands. On the 4th of November, 1903, Masoner mortgaged 40 head of steers to defendant, describing them as branded O, and situated on section 27 in township 1 north, range 14 west. The evidence shows that in a few days after defendant took its mortgage it had an investigation made to see if Masoner had the cattle, and that it was notified of the existence of plaintiff's mortgage, and advised plaintiff that Masoner had cattle enough for both mortgages. Later Masoner fled the country, and the defendant took possession of all the cattle it could find answering to the description in its mortgage. The plaintiff then brought this suit to recover the cattle claimed under its mortgage. The sheriff was only able to find 33 head of cattle, for which suit was brought. They were of the K brand, as well as other brands. The defendant gave a retaining bond, and kept the cattle and later sold them. The court instructed the jury that if they found for the plaintiff they should find the fair market value of the cattle at the date they were taken under the writ. He gave no instructions with reference to damages, and the jury made no finding as to damages, but found the value of the cattle. The court rendered judgment for the value as found by the jury with interest thereon from the time the writ was served.

The defendant's motion for a new trial purports to give 148 reasons why it was entitled thereto. A large number of the alleged grounds are assigned as error. Very rarely is such a large number of assignments necessary or proper. One good

reason is better than a hundred pretexts. The assignment of so many errors increases the work of the court unnecessarily, and usually indicates that counsel do not feel sure of their ground.

The principal question presented is that the description contained in plaintiff's mortgage was not sufficient to entitle it to recover the cattle as against the subsequent mortgagee. It is the contention of the defendant that because at the time Masoner gave the mortgage he had a contract to purchase 100 head of the same description, the mortgage was void for uncertainty; also that the mortgage was void for the reason that at the time he gave the mortgage the 50 head were mingled with other cattle in the hands of Kirkpatrick. An examination of the record leads to the conclusion that at the time the mortgage was given Masoner had his contract to purchase 100 head from Kirkpatrick, but that he had also contracted to sell 50 head of the 100 to Oliver. He did sell and deliver the 50 head to Oliver at the time he received the other 50 head. He never had more than 50 head in his possession. The 50 that Oliver received merely passed through his hands. He did not retain possession of them for any appreciable length of time, and did not intend to at the time he gave the mortgage. The purchase and transfer to Oliver was all one transaction. One attempting to attach or purchase the property would not at any time have found more than the 50 head in Masoner's possession. The fact that Kirkpatrick was in actual possession of the cattle, and that they were mingled with a larger herd of the same kind at the time the mortgage was given, is also immaterial. If Kirkpatrick had had his herd in front of plaintiff's place of business when the mortgage was given, and the parties immediately proceeded to cut them out, no one would dispute that the mortgage was good. The facts of this case are not dissimilar except as to time and distance. The evidence shows that Masoner and Kirkpatrick had proceeded immediately after the mortgage was given to where the cattle were and separated the 50 head from the balance of the herd as soon as practicable. It was the intention of the parties that the 50 head should be separated from the others, and this intention was

carried out as soon as possible, taking into consideration the location of the cattle. The mortgage was not void for uncertainty.

In *First Nat. Bank v. Rogers,* 24 Okla. 357, 103 Pac. 582, Mr. Justice Hayes, after discussing the question as to when a mortgage is invalid because of uncertainty of description of the property, and citing many authorities bearing upon the question, laid down the following rule:

"A description in a chattel mortgage, which is sufficient to put a third person upon inquiry, which, when pursued, will enable him to ascertain the property intended to be included in said mortgage, is good."

See, also, *Smith-Premier Typewriter Co. v. Grace,* 28 Okla. 844, 115 Pac. 1019; *Smith v. LaFayette,* 29 Okla. 671, 119 Pac. 979.

It is also contended that the mortgage was not good as against the defendant, because the cattle were not located on the section of land mentioned in the mortgage. As to this the evidence is conflicting. At any rate plaintiff's mortgage describes the cattle as all of that description in the mortgagor's possession. This description was sufficient to put the defendant on notice, especially as, even under defendant's contention, the cattle were on a section cornering with the section mentioned in plaintiff's mortgage, and they could not have been more than a mile or a mile and a half away.

The defendant contends that the mortgage was not good as a mortgage, because it was on property to be acquired, but contained no provision that it was to cover after-acquired property. It was not a mortgage on after-acquired property. *Greenaway v. Fuller,* 47 Mich. 557, 11 N. W. 384. Masoner was in the act of taking possession. The mortgage was given in contemplation of an immediate taking of the possession by Masoner. He did take possession, and thus completed the transaction.

It appears from the record that the defendant knew of plaintiff's mortgage, and recognized it by giving information as

to the property embraced in it. The loss must fall on one of the parties. The law places it on the defendant.

It is further urged that the court erred in rendering judgment for interest on the value of the property as found by the jury. The jury should have been instructed with reference to damages, and should have been required to find a verdict covering the damages. The procedure adopted was not strictly correct, and should not be followed. It is not every failure to observe the strict rules of procedure, however, that will reverse a case. In this case, unlike many that arise, interest on the value of the property was the only possible measure of damages. The plaintiff claimed the cattle by virtue of a chattel mortgage given to secure a debt. If the cattle had been delivered to it at the beginning of the action, it would have sold them, and would have applied the proceeds in payment of its debt, and would not have had the right to make any other use of them. Their value as found by the jury did not exceed the debt Masoner owed the plaintiff. Therefore the measure of damages, and the only measure, is the interest on the money it would have received for the cattle had it been permitted to take and sell them under its mortgage. The court would have been justified in instructing the jury peremptorily to assess interest on the value of the property not to exceed plaintiff's debt, by way of damages. The case should not be reversed because the court added the interest instead of instructing the jury to compute and add it. The principle involved is discussed in *St. L., El Reno & W. R. Co. v. Oliver*, 17 Okla. 589, 87 Pac. 423, 10 Ann. Cas. 748, and it was there held, in an opinion by Judge Burford, that a case should not be reversed because the court added interest to the verdict, when it was clear that interest should have been allowed.

No other question raised seems to demand consideration, in view of the disposition made of the foregoing questions.

The judgment should be affirmed.

By the Court: It is so ordered.