## HOBLITT *et al.* v. FARMERS' STATE BANK OF TUTTLE.

No. 5806.    Opinion Filed October 5, 1915.

Rehearing Denied January 11, 1916.

(153 Pac. 1154.)

1.  **CROPS—Nature of Property**—Crops, unsevered from the soil, are ordinarily part of the realty; but, when severed from the soil, they. become personal property.

2.  **CHATTEL MORTGAGES—Description—Sufficiency.** A description in a chattel mortgage, which is sufficient to put a third person upon inquiry which, when pursued, will enable him to ascertain the property intended to be included in said mortgage, is good.

(Syllabus by Brewer, C.)

*Error from District Court, Grady County;*
*Frank M. Bailey, Judge.*

Action by the Farmers' State Bank of Tuttle against D. L. Hoblitt and others. Judgment for plaintiff, and defendants bring error. Affirmed.

*J. W. Bartholomew,* for plaintiffs in error.

*Bond, Melton & Melton,* for defendant in error.

Opinion by BREWER, C. Defendant in error, the Farmers' State Bank of Tuttle, as plaintiff below, sued John C. Lewis, sheriff of Grady county, in replevin to recover a number of horses and mules and a quantity of corn, under the claim of a special ownership therein, because of a chattel mortgage covering said property, executed by one Peery. The sheriff was in possession of the property through a levy of an execution thereon, issued on a money judgment for damages, which was incident to a judgment in ejectment for the possession of

certain farming lands, farmed by said Peery. At a trial of the case to a jury, plaintiff prevailed as to all the property involved, and defendants in the suit have appealed, but confine their complaint to the question of the correctness of the verdict and judgment as to the corn involved, as we understand their brief.

The first point that requires consideration is the contention that the corn involved was, at the time of levy, growing, or at least standing, unsevered, on the lands involved in the ejectment suit, and was therefore a part of the real estate, and, as such, passed to the ejectment plaintiff along with the land, when he obtained a judgment for possession thereof against said Peery. To sustain this point they rely on *Hartshorne v. Ingels,* 23 Okla. 535, 101 Pac. 1045, 23 L. R. A. (N. S.) 531, and *Harrod v. Burke,* 76 Kan. 909, 92 Pac. 1128, 123 Am. St. Rep. 179. The defendant in error answers this contention with the admission that the rule announced in those cases is correct, but not applicable here, for the reason that there was evidence in the case at bar that the corn in question had, prior to the levy, not only become fully matured, but had been severed from the soil, which gave it the character of personal property; and, further, that the evidence leaves it in doubt as to whether the corn was in fact grown on the land involved in the ejectment suit, or upon other lands farmed that year by said Peery; and, further, that these two propositions depend upon the evidence, which was more or less in conflict, and which had been submitted to the jury under instructions against which no objections had been or could be urged. Upon an examination of the record, we find that it fully sustains the contention of defendant in error, and therefore the jury, having found the issues generally in favor

of plaintiff, such finding includes necessarily the finding in its favor on these points; and they being in this case questions of fact, we have no right to disturb the verdict of the jury.

2.   The second point made by plaintiffs in error is that the description of the property as contained in the mortgage was so faulty, imperfect, and inadequate, as regards the corn, as to render the mortgage void as against an execution creditor.   It has been held by this court in *First Nat. Bank of Bristow v. Rogers*, 24 Okla. 357, 103 Pac. 582, that:

"A description in a chattel mortgage, which is sufficient to put a third person upon inquiry which, when pursued, will enable him to ascertain the property intended to be included in said mortgage, is good."

This is but a substantial statement of the rule laid down in most of the states of the Union.   A number of decisions have been collected and set out in the case from which we quoted above.   Mr. Cobbey, in his work on Chattel Mortgages (volume 1, p. 204), condenses the rule into this statement:

· "Any description which will enable third persons to identify the property, aided by inquiries, which the mortgage itself indicates and directs, is sufficient."

We have examined the facts as shown by the record, and find that by the application of the rule stated above the description contained in the mortgage was sufficient, when aided by inquiries, which the mortgage itself suggests, to enable a third person to identify, with reasonable certainty, the property intended to be embraced in the mortgage; and indeed, in this case, with the description as the basis, the property was identified sufficiently

to satisfy the court and jury who heard the case that it was properly embraced in the mortgage.

Another point or two, briefly alluded to in plaintiffs in error's brief, need no special treatment, for they go to questions depending upon the evidence, and which were submitted to and passed upon by the jury adversely to the claim made here.

The judgment of the trial court should be affirmed.

By the Court:   It is so ordered.