## HOURIGAN v. HOME STATE BANK.

No. 6759—Opinion Filed Jan. 16, 1917.

(162 Pac. 699.)

### 1. Chattel Mortgages—Description of Property.

It is not necessary that property should be so described in a chattel mortgage as to render it capable of being identified by the written recitals alone. A description which will enable third persons, aided by inquiries which the instrument itself suggests, to identify the property, is sufficient.

### 2. Same—Validity—Recording.

After the due filing of a chattel mortgage in the recording office as provided by law, third parties are charged with notice of the contents thereof to the same extent as if they had actual notice and are charged with notice of anything in the instrument connected with the description of the mortgaged property which suggests inquiry as to the identity of the property intended to be mortgaged and which inquiry, if pursued, would lead to an identification of the property.

### 3. Same.

The expression in a written description of cattle mortgaged, "The above cattle comprise all the cattle I own except three head of cows," and the further expression therein, "It being the intention of the parties hereto to cover the title to all live stock or grain owned by the mortgagor, in the above brand or description or in any brand of the above classification whether said brand be located on the part of the animal as above described or any part of the animal whatsoever," are sufficient to suggest inquiries as to cattle of the classification shown in the mortgage in the hands of the mortgagor, whether or not such cattle are all in same brand as before mentioned in such description.

### 4. Appeal and Error—Review—Verdict.

The verdict of a jury assessing damages for conversion of mortgaged property against a third person who claims to be an innocent purchaser for value will not be disturbed when there is any evidence reasonably tending to prove the damage awarded and either actual or constructive notice of the rights of the mortgagee in the property alleged to have been converted.

(Syllabus by Stewart, C.)

Error from County Court, Comanche County; H. N. Whalin, Judge.

Action by the Home State Bank against John E. Hourigan for damages for conversion of mortgaged property. Judgment for plaintiff, and defendant brings error. Affirmed.

W. C. Henderson, for plaintiff in error.

L. M. Keys and Johnson & Stevens, for defendant in error.

Opinion by STEWART, C. The plaintiff in error, John E. Hourigan, was defendant in the court below, and defendant in error, the Home State Bank, was plaintiff in the court below. The parties will be hereinafter designated as they were in the court below. The plaintiff brought action in the county court of Comanche county against John E. Hourigan to recover the value of certain cattle alleged to have been converted by Hourigan. The plaintiff below claimed to have a mortgage on the cattle, given to secure a promissory note which had not been paid. The defendant filed answer, and the cause was tried before a jury. A verdict was rendered for plaintiff. A motion for a new trial was duly filed, the same was overruled, and the court rendered judgment for plaintiff. Exceptions were saved by the defendant, and the defendant prosecutes the appeal to this court.

The evidence in this case shows: That Joseph Steiner, on January 20, 1910, made and executed his promissory note to the plaintiff in the sum of $2,023.25, due April 5, 1910. That the same was secured by mortgage executed on the same date, and on January 22, 1910, was duly filed in the office of the register of deeds of Kiowa county, the county in which the property was located, covering property belonging to the said Joseph Steiner and described in said mortgage as follows:

"132 cattle, 4 horses, 8 mules, described as follows: Forty-two cows, age from 4 to 7 yrs. all branded S on right hip, mostly red, worth $1,260; twenty two-year old heifers, branded S on right hip, mostly red, worth $400; twenty-four heifers, branded S on right hip, mostly red, worth, one year old, $360; eighteen coming yearling heifers, branded S on right hip, mostly red, worth $200; twenty two-year old steers, branded S on right hip, mostly red, worth $260; sixteen head of 1-year old steers, branded S on right hip, mostly red, worth $250. The above cattle comprise all the cattle I own except three head of cows, one span of brown mules, 4 and 7 yrs. old, weigh about 900 pounds each, worth $275: One dark bay and one dunn colored horse mules, 4 and 7 years old, wt. about 800 pounds each, $200. The above described mules are all the mules I own except one span—one black horse colt, about 9 months old, white spot in forehead, the only colt I own, $40; one yellow mare 6 yrs. old, and 14½ hands high, wt. about 900 pounds, name —— $75; one bay horse 9 yrs. old, weight about 950 pounds, about 15 hands, name Prjntz, $60; one black and white spotted horse 7 years old, blaze face, name Charley, $75. The above-described stock are all the stock of the various kinds described except the exceptions made herein, same is free from incumbrances of any kind. All the above-described live stock are sound and healthy, and free from blemish, marks or brands, ex-

cept as above mentioned, it being the intention of the parties hereto to cover the title to all live stock or grain owned by the mortgagor, in the above brands or description, or in any brand of the above classification, whether said brand be located on the part of the animal as above described, or any other part of the animal whatsoever."

That the defendant, Hourigan, was a neighbor of Joseph Steiner, well acquainted with him and with the ranch and cattle of the said Joseph Steiner. That on the 7th day of March, 1910, the defendant purchased from Joseph Steiner at a public sale 12 head of cattle from the cattle belonging to Joseph Steiner. There is some conflict of evidence as to the brands that were upon the cattle purchased by the defendant from Steiner on this occasion, it being contended by the defendant that most of the cattle purchased were branded "HS." It appears that W. C. Kelsey, the cashier of the plaintiff bank, having heard of the sale of the cattle, on or about the 12th day of April, 1910, went to see Mr. Hourigan and looked over the cattle purchased by him. Mr. Kelsey testified that at least from two to six of the cattle purchased by Hourigan were branded "S"; that on this occasion he had a conversation with Mr. Hourigan, the substance of the conversation being that Mr. Hourigan had purchased the cattle from Mr. Steiner and that there was a mortgage on them; that a sale had taken place at which Mr. Hourigan had bought the cattle involved in this suit, and Mr. Steiner represented the cattle were his but the bank had a mortgage on them; that Hourigan was ready to deliver up the cattle, and was willing to give a duebill for the same; that Mr. Hourigan at the time signed the following:

"April 25, 1910.

"This is to certify, that I purchased at sale of Jose. Steiner five cows (2 yrs. old up), and six yearling heifers, and that I have now the same under my control, and agree to deliver said eleven head of cattle to Home State Bank, on their demand.    J. E. Hourigan.

"Witness: J. S. Gramm."

The evidence further shows that some of Mr. Steiner's cattle were branded "HS" and others were branded "S."

A. V. Meiner, witness for defendant, stated that he was a neighbor of Steiner, was present at the sale; that all of Steiner's cattle sold at the sale were branded either with "S" or "HS", except one cow that had no brand; that the brand "S" was the brand that Mr. Steiner was keeping up, and "HS" had been an old brand which he had used; that he was familiar with the cattle and had frequently helped Mr. Steiner to brand same.

The plaintiff makes eight assignments of error, but urges in his brief but two propositions of law, to wit:

(1) The plaintiff says: "Where a chattel mortgage describes animals by brand, such description being definite and certain, a purchaser of property in a different brand, and which is claimed, is not put upon inquiry, but can rely upon the description contained in the mortgage, and, if the proof shows he purchased animals in a different brand from that set out in the mortgage, an instruction that requires of such purchaser to inquire beyond the description in the mortgage is erroneous and prejudicial to the rights of the purchaser and entitles him to a reversal of the case.

(2) "Where the plaintiff sues for conversion of mortgaged property described as cattle branded 'S', and the uncontradicted proof shows that the defendant bought cattle branded 'HS', the defendant is entitled to an instructed verdict, and it is error for the trial court to overrule a motion for a directed verdict, and in such a case a new trial should have been granted, and its refusal is error."

We have examined the instructions of the court and find that the instruction with reference to the extent to which a chattel mortgage filed for record charges third parties with notice fairly charges the law, and we find no reversible error with reference to such instructions.

Jones on Chattel Mortgage (2d Ed.) sec. 53, reads:

"It is not necessary that the property should be so described as to be capable of being identified by written recitals."

In section 54 of the same book, the author uses this language:

"A description which would enable third persons, aided by inquiries which the instrument itself suggests, to identify the property, is sufficient."

The principle laid down in such text has been sanctioned repeatedly by our courts.

By an examination of the description of the property as quoted from the mortgage, we find that, in addition to the number of cattle, the classification, the ages, the brand, and colors, the mortgagor says:

"The above cattle comprise all the cattle I own except three head of cows, one span of brown mules, 4 and 7 years old.  *  *  *"

The description in the mortgage closes with these words:

"It being the intention of the parties hereto to cover the title to all live stock or grain owned by the mortgagor, in the above brands or description, or in any brand of the above classification, whether said brand be located

on the part of the animal as above described, or any other part of the animal whatsoever."

The mortgage being regularly filed before defendant purchased the cattle, he was charged with notice of the conditions thereof and acted at his peril to the same extent as if he had in fact seen the mortgage.

Can it be said that any man of sound discretion, after having read a mortgage containing such description, would have hazarded his money in the purchase of any cattle from Steiner without first having made inquiry from the bank which held the mortgage? The part of the description which says that "the above cattle comprise all of the cattle I own except three head of cows" would be sufficient to cause any prudent man to make inquiry, and that part of the mortgage which states it to be "the intention of the parties to cover the title of all live stock or grain owned by the mortgagor in the above brand or description or in any brand of the above classification" has, under the evidence in the case, the effect of placing a purchaser on notice as to any cattle that he would purchase from Steiner, and should cause any man of ordinary prudence to hesitate and make inquiry before purchasing any of the cattle.

The jury has passed upon the facts in this case, and, there being no prejudicial error, we cannot disturb the verdict of the jury. We think that the description contained in the mortgage comes within the well-established rule that where a description in a chattel mortgage is sufficient to put a third person upon inquiry, which, when pursued, would enable him to ascertain the property intended to be included in said mortgage, such description is good and charges the purchaser or incumbrancer with notice of the mortgage lien on the property intended to be mortgaged. Hardwick et al. v. Atkinson, 8 Okla. 608, 58 Pac. 747; First National Bank of Bristow v. Rogers, 24 Okla. 357, 103 Pac. 582; Smith Premier-Typewriter Co. v. Grace, 28 Okla. 844, 115 Pac. 1019; Chattanooga State Bank v. Citizens' State Bank, 39 Okla. 255, 134 Pac. 954; Farmers' & Merchants' Bank v. Sutherlin, 93 Neb. 707, 141 N. W. 827, 46 L. R. A. (N. S.) 95, Ann. Cas. 1914B, 1250, and authorities there cited.

If added reasons were needed to support the verdict of the jury in this case, we might say that the evidence of W. C. Kelsey is to the effect that the defendant had actual notice of the mortgage on the cattle before he purchased the same, and that the signing by the defendant of the certificate which we have quoted, supra, is a circumstance tending to corroborate the testimony of the witness Kelsey.

There is evidence in the case as to both constructive and actual notice reasonably supporting the verdict of the jury.

The judgment of the lower court should be affirmed.

By the Court: It is so ordered.