## MITCHELL et al. v. GUARANTY STATE BANK OF OKMULGEE.

No. 8632—Opinion Filed April 9, 1918.

(172 Pac. 47.)

(Syllabus.)

**1. Appeal and Error — Review — Findings of Fact by Court.**

In an action for conversion of personal property, which was tried to the court without the aid of a jury, the court's findings of fact will be given the same weight as the verdict of a jury, and will not be set aside if there is any evidence reasonably tending to support such findings.

**2. Chattel Mortgages—After-Acquired Property—Statutes.**

Under the provisions of section 3829, Rev. Laws 1910, which provides: "An agreement may be made to create a lien upon property not yet acquired by the party agreeing to give the lien, or not yet in existence"—a mortgage may be given and a lien created upon chattels to be subsequently acquired by the mortgagor, and the lien attaches from the time when the party giving the mortgage acquires an interest in the chattels mortgaged to the extent of such interest.

**3. Same—Intent—Proof.**

Where the chattels were acquired by the mortgagor soon after the execution of the mortgage and were particularly described therein, and there is not any evidence tending to prove that the mortgagor had other property of the same or similar description or that the mortgage was not intended to cover such chattels, the intent of the mortgagor that the mortgage was to cover such property is sufficiently disclosed.

**4. Chattel Mortgages — Description—Sufficiency.**

A description in a chattel mortgage of the mortgaged property is sufficient if it will enable a third person, aided by inquiry, when pursued, to identify the property.

**5. Same.**

Where a chattel mortgage on certain oxen accurately described the property mortgaged, the mere fact that the oxen were not at the place where the mortgage recited they were will not vitiate the mortgage.

**6. Chattel Mortgages—Property in Another County—Filing—"Notice."**

Under section 4032, Rev. Laws 1910, relating to chattel mortgages, the filing of the mortgage a few days after its execution in the county to which the property was subsequently removed constitutes notice, though the mortgage had not been filed in the county in which the mortgaged property was

situated at the time of its execution, and such a mortgage need not be withdrawn and refiled after the arrival of the property.

Error from County Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by the Guaranty State Bank of Okmulgee against Louise Mitchell, as executrix of the will of George W. Mitchell, deceased, and another. Judgment for plaintiff, and defendants bring error. Affirmed.

Belford & Hiatt, for plaintiffs in error.

M. A. Dennis and McCrory & Johns, for defendant in error.

RAINEY, J.  The Guaranty State Bank of Okmulgee, Okla., in an action instituted by it against Louise Mitchell, as executrix of the last will and testament of George W. Mitchell, deceased, and Levi Pickering, recovered judgment in the county court of Okmulgee county, for the alleged conversion of some oxen, from which judgment the defendants have brought the case to this court for review. The parties will hereinafter be designated as they appeared in the county court.

The facts out of which the controversy arose are substantially as follows: On May 23, 1913, one W. N. Avery executed to the plaintiff a chattel mortgage on the oxen in controversy and some other personal property, as security for a note in the sum of $275, executed by him to the plaintiff on the same day. At the time of the execution of the mortgage, the oxen were in McIntosh county, Okla.; but a horse included in the mortgage was in the town of Okmulgee. The mortgage was filed for record in Okmulgee county, on May 26, 1913, but was never filed for record in McIntosh county. George W. Mitchell and Levi Pickering were partners, doing business under the firm name of Mitchell & Co., which firm, after the note to the plaintiff became due, entered into negotiations in McIntosh county with W. N. Avery for the purchase of the oxen, which were then situated in McIntosh county. Pending the negotiations the oxen were brought into Okmulgee county, where they were subsequently purchased from Avery by Mitchell & Co. Thereafter the firm of Mitchell & Co. sold the oxen and shipped them out of the country. It appears that W N. Avery was not the owner of the oxen described at the time of the giving of the mortgage, but did become the owner thereof prior to the time that he sold them to Mitchell & Co. It also appears that neither Mitchell & Co. nor any member of the firm had any actual knowledge of the existence

of plaintiff's mortgage or of any claim of the plaintiff. Under this state of facts, the court found that the plaintiff was entitled to recover.

The first error assigned is that the findings of fact of the trial court, which are substantially as above, are not sustained by the evidence. We have examined the evidence in the case, and are of the opinion that the same reasonably supports the findings of the trial court, and for this reason they will not be disturbed. Semple v. Baken, 39 Okla. 563, 135 Pac. 1141; School Dist. No. 13, Latimer Co., v. Ward, 40 Okla. 97, 136 Pac. 588; Galer et al. v. Berrian et al., 43 Okla. 303, 140 Pac. 155; Sango et al. v. Parks et al., 44 Okla. 223, 143 Pac. 1158.

It is next contended that it was error for the court to conclude, as a matter of law, that plaintiff's mortgage covered the oxen in controversy, for the reason that Avery was not the owner of the oxen at the time of the execution of the mortgage. The common-law rule is that a chattel mortgage can operate only on property actually in existence at the time of the giving of the mortgage, and then actually belonging to the mortgagor, or potentially belonging to him as an incident of other property then in existence and belonging to him. 5 Ruling Case Law, p. 403. But this rule has been modified in this state by section 3188, Oklahoma Statutes of 1893, which is identical with section 3829, Rev. Laws of Oklahoma 1910, and which has been construed by this court as authorizing a chattel mortgage upon property to be acquired by the party giving the mortgage, and the lien agreed for is held to attach from the time when the party giving the mortgage acquires an interest in the chattels mortgaged to the extent of such interest. Eckles v. Ray & Lawyer, 13 Okla. 541, 75 Pac. 286; Payne v. McCormick Harvesting Machine Co., 11 Okla.. 318, 66 Pac. 287; Garrison et al. v. Street & Harper Co., 21 Okla. 643, 97 Pac. 978, 129 Am. St. Rep. 799.

We are in accord with the authorities which hold that, in order for a mortgage on after-acquired property to be operative, it must show the intention of the mortgagor to cover the after-acquired property; but where, as in this case, the chattels were acquired by the mortgagor soon after the execution of the mortgage, and were particularly described therein, and there is not any evidence in the record tending to prove that the mortgagor had other property of the same or similar description, or that the mort-

gage was not intended to cover such property, we think the intent of the mortgagor that the mortgage was to cover such property is sufficiently disclosed.

The description of the oxen, as contained in the mortgage, is as follows:

"Two red Polish bulls, 5 years old, broken to work with yoke. Four red steers, 7 or 8 years old, broken to work with yoke."

It is insisted that this description of the oxen is too indefinite to charge the defendants with notice. In this jurisdiction any description in a chattel mortgage, sufficient to put a third person upon inquiry, which, when pursued, will enable him to ascertain the property intended to be included in the mortgage, is good. First Nat. Bank v. Rogers, 24 Okla. 357, 103 Pac. 582; Chattanooga State Bank v. Citizens' State Bank, 39 Okla. 255, 134 Pac. 954; Jones on Chattel Mortgages, § 251. We think the description comes within the rule, and are inclined to agree with counsel for plaintiffs when they say:

"It would seem, in this day and age of traction plows, high-powered automobiles, and aeroplanes, that the mere mention of such rare remnants of the past as oxen would, of itself, be a sufficient description. An ox, with the scars of yoke and chain, differs as much from the ordinary steer, as a galley slave from a well-fed, royalty-collecting Creek freedman."

Nor does the fact that the oxen, at the time of the execution of the mortgage, were not at the place where the mortgage recited they were, vitiate the mortgage. Jones v. Workman, 65 Wis. 269, 27 N. W. 158; Adams v. Hill, 10 Kan. 627.

The mortgage recited that the mortgaged property was situated in Okmulgee county, but the trial court found that at the time of its execution the oxen were in McIntosh county, and it is contended that, since the mortgage was not filed in McIntosh county, Mitchell & Co. would not have constructive notice thereof, although it was filed in Okmulgee county.

Section 4032 of our Statutes reads as follows:

"The filing of a mortgage of personal property, in conformity to the provisions of this article, operates as notice thereof to all subsequent purchasers and incumbrancers of so much of said property as is at the time mentioned in the preceding section located in the county or counties wherein such mortgage or authenticated copy thereof is filed: Provided, that when a mortgaged chattel is moved into this state, or from one county to another, any previous filing of the mortgage

shall not operate as notice as against subsequent creditors, purchasers, mortgagees or incumbrancers for a longer period than one hundred and twenty days after such removal, but such mortgage must be refiled in the county to which the chattel is removed and in which it is permanently located."

In the case of Ames Iron Works v. Chinn, 15 Tex. Civ. App. 88, 38 S. W. 247, a Texas statute substantially the same as the above was applied by the Supreme Court of Texas to a similar state of facts, and it was held that the filing of the mortgage in the county to which the property was to be removed was proper, and constituted notice to subsequent purchasers. The court, in the syllabus of the case, said:

"Under the Act of 1879, relating to chattel mortgages, which, in effect, provides that, where the mortgage is recorded in the county where the property was originally, this registration will be valid in the county to which it may be removed, for four months, against all persons, but after that time the mortgagee must register the mortgage in the county to which the property was removed; the registration of the mortgage in the county to which the property was removed constitutes notice, though the mortgage has not before been registered at all.

"Where a chattel mortgage has been filed for registration in a county to which the property mortgaged is destined, but before its arrival there, the mortgage need not be withdrawn and refiled after the arrival of the property."

We think the filing of the mortgage in Okmulgee county was a substantial compliance with the statute.

The judgment is affirmed.

All the Justices concur.