**FIRST NATIONAL BANK OF WASHINGTON v. HAINES.**

No. 8440—Opinion Filed Nov. 18, 1919.

(Syllabus by the Court.)

1. **Chattel Mortgages—Description of Property—Sufficiency.**

It is not necessary that property should be so described in a chattel mortgage as to render it capable of being identified by the written recitals alone. A description which will enable third persons, aided by inquiries which the instrument itself suggests, to identify the property, is sufficient.

2. **Same—Filing for Record—Constructive Notice.**

After the due filing of a chattel mortgage in the recording office as provided by law, third parties are charged with notice of the contents thereof to the same extent as if they had actual notice, and are charged with notice of anything in the instrument connected with the description of the mortgaged property which suggests inquiry as to the identity of the property intended to be mortgaged and which inquiry, if pursued, would lead to an identification of the property.

3. **Evidence—Parol Evidence—Construction of Chattel Mortgage.**

Where it is not clear from the recitals in the instrument whether a chattel mortgage was intended to cover only jointly owned property of the two mortgagors executing the instrument or was intended to cover their separate and individual property, parol evidence is admissible to show the circumstances under which the mortgage was executed, its subject-matter, the relation of the parties and the object of the agreement, in order to ascertain the intent of the parties.

Error from County Court, Cleveland County; B. F. Wolf, Judge.

Action by Hannah F. Haines, administratrix, against the First National Bank of Washington, Oklahoma. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

C. A. Moore and J. B. Dudley, for plaintiff in error.

Williams & Lutteral, for defendant in error.

RAINEY, J. The material facts in this case are substantially as follows: On December 13, 1913, O. L. Bolin and Ira Bolin, farmers, executed to the First National Bank of Washington, Oklahoma, a chattel mortgage covering certain personal property belonging to them in McClain county. This mortgage was filed for record in the office of the register of deeds of said county on December 15, 1913. It begins:

"This mortgage, made the 13th, day of December, A. D. 1913, by O. L. Bolin and Ira Bolin, of Washington, McClain county, Oklahoma, by occupation a farmer, mortgagor, to The First National Bank of Washington, McClain county, Oklahoma, mortgagee, its successors or assigns."

The description of the chattels mortgaged is as follows:

"One bay horse, 9 yrs. old, 16 hands high, wt. 1100 pounds, value $100.00; one gray mare, 10 years old, 15 hands high, wt. 950 pounds, value $75.00; one bay mare, 8 years old, 15 hands high, weight 1,000 pounds, value $125.00; one brown horse mule, 7 years old, 1 big ankle on hind foot, value $50.00; one gray horse, 9 years old, 15½ hands high, weight 1000 pounds, value $100.00; one gray horse, 10 years old, 15½ hands high, weight 1000 pounds, value $100.00; one red cow, 7 years old, spotted face, no brands, no horns, value $60.00; one red cow, has a big jaw; one yellow Jersey cow, 6 years old, no horns, value $60.00; one brown Jersey cow, white face, has horns, value $40.00; one black and white heifer, 2 years old, one red heifer, 2 years old; one red steer calf, 1 year old; one new Stoughton wagon; one Studebaker wagon, one 2-row cultivator, value $40.00; one Deere 16-inch sulky plow; one Moline walking cultivator; all other farm tools and machinery owned by O. L. Bolin, except his binders."

"All crops raised during 1914 by O. L. Bolin & Ira Bolin on any land cultivated or controlled by them in McClain county."

Thereafter, and on April 14, 1914, Ira Bolin executed a chattel mortgage to W. H. Haines covering the following property:

"One Moon Brothers buggy and one single set of harness, bought this day of W. R. Haines. Thirty acres of cotton, to be raised and gathered on said above described land during the season 1914; also a second mort-

gage on subject to a first mortgage of about $100, one gray horse, about 9 years old, about 16 hands high. weight about 1100 lbs., value $100. One gray horse, about 10 years old, about 15 hands high, weight about 1000 lbs., value $100."

The bank, claiming it had a prior mortgage on the thirty acres of cotton described in Haines' mortgage, sold the cotton and applied the proceeds on the indebtedness due it by the Bolins. This action was instituted by Haines against the bank for damages for conversion of said cotton. Judgment was for Haines, from which the bank has appealed to this court.

Subsequent to the trial Mr. Haines died, and the action has been revived in the name of Hannah F. Haines, as administratrix of his estate.

At the trial counsel for the bank offered its mortgage in evidence, which was excluded by the court on objection of the plaintiff on the theory that it did not cover any crops raised during 1914 by either, of the Bolins as their individual property, but only secured crops owned jointly by said parties. In connection with the offer of the bank's mortgage in evidence counsel for the bank also offered to prove "that Ira Bolin and O. L. Bolin did not farm as partners in the year 1914, but that O. L. Bolin had his own crop and cultivated it, and that Ira Bolin had his own crop and cultivated it, and that neither one had any interest in the other; that Ira Bolin was a single man and lived with O. L. Bolin and that they mortgaged their crops to secure these two notes, each one signing as surety for the other, and they put up all their crops that they cultivated for the year 1914 as security for these two notes." Objection to this offer was sustained by the trial court and exceptions saved by counsel for the defendant.

The rule is well settled in this jurisdiction that any description in a chattel mortgage that is sufficient to put a third person upon inquiry, which, when pursued, will enable him to ascertain the property intended to be included in the mortgage, is good. Smith et al. v. La Fayette & Bro., 29 Okla. 671, 119 Pac. 979; First Nat. Bank of Bristow v. Rogers, 24 Okla. 357, 103 Pac. 582; Hoblitt et al. v. Farmers' State Bank of Tuttle, 54 Okla. 516, 153 Pac. 1154; Hourigan v. Home State Bank, 62 Oklahoma, 162 Pac. 699; Mitchell et al. v. Guaranty State Bank of Okmulgee, 68 Oklahoma, 172 Pac. 47.

In First National Bank of Bristow v. Rogers, supra, we held that the words, "the production and proceeds of all my 1907 cotton and all my future crops until the above

note is paid," sufficiently described a cotton crop to render the mortgage valid as against a third person, although it did not describe the exact location in the county where the cotton was to be planted and cultivated.

If, in fact, as contended by counsel for the bank, O. L. Bolin and Ira Bolin did not raise the crop of cotton jointly, and at the time of the execution of the mortgage to the bank it was intended to cover chattels owned and crops to be grown by them individually, there can be no question that it would be good between the parties and would give the bank a lien on their individual property therein described as security for their notes. The mortgage as written is ambiguous in this respect, for it is not clear from the instrument itself whether the Bolins' intended to mortgage only crops to be grown by them jointly or their individual crops; neither is it clear as to whether the large number of chattels specially described were jointly owned property or individual property. In these circumstances parol testimony was admissible to explain the meaning and disclose the intention of the parties.

In Ferguson v. Twisdale et al. (N. C.) 49 S. E. 914, a case cited by counsel for plaintiff, the court used the following language, which we think is applicable to this case:

"The intention of the parties to the crop lien is to be collected from the whole instrument, and the words used are to be understood in their plain and literal meaning. Where the meaning is not clear, in sustaining it courts will consider the circumstances under which the contract was made, the subject-matter, the relation of the parties, and the object of the agreement, in order to ascertain the intention of the parties."

Under the facts of the case quoted from, it was clear both from the instrument itself and the surrounding circumstances that the parties intended to mortgage only jointly owned property, but the evidence excluded in the case at bar, if true, would tend to prove that the mortgage was intended to cover their individual chattels and crops, and not jointly owned crops. There is included in the description of the property in the mortgage executed by Ira Bolin to Haines, one gray horse, nine years old, and one gray horse ten years old, and these identical animals are described and included in the mortgage given to the bank. This is a strong circumstance to be gathered from the two instruments that it was intended to bind their individual chattels. The words in the bank's mortgage; "All other farm tools owned by O. L. Bolin, except his binders," also shows that the bank's mortgage covered individual property of O. L. Bolin. Now, was the description in the de-

fendant's mortgage sufficient to put a third person on inquiry? We think it was, and that any reasonbly prudent or careful person upon reading it would have made inquiry of the officers of the bank as to what crops its mortgage covered. Such inquiry, if made, would have disclosed the true situation, and we have no doubt that Mr. Haines would have made the inquiry had he read the bank's mortgage. We gather from the record that he did not do this, because he did not have actual knowledge of its existence. However, the mortgage had been filed as required by law and he was charged with knowledge of its contents. We are of the opinion that the court should have admitted the mortgage in evidence and should have permitted evidence to be introduced showing the circumstances under which it was executed and the object and agreement of the parties, in order to ascertain what property it was intended to cover.

For the reasons stated the cause is reversed and remanded with directions to the trial court to grant a new trial and to take such other proceedings in the cause as are not inconsistent with the views herein expressed.

OWEN, C. J., and PITCHFORD, McNEILL, HIGGINS, and BAILEY, JJ., concur.