## CROWL v. ROSS.

No. 13866—Opinion Filed Dec. 8, 1925.

(Syllabus.)

1. **Chattel Mortgages—Description of Property—Sufficiency.**

It is not necessary that property should be so described in a chattel mortgage as to render it capable of being identified by the recitals alone; a description which will enable third persons, aided by inquiries which the instrument itself suggests, to identify the property, is sufficient.

2. **Appeal and Error—Question of Fact—Conclusiveness of Verdict—Chattel Mortgages—Conversion of Property — Payment of Proceeds on Mortgage as Defense.**

Where plaintiff had a chattel mortgage upon certain personal property, and the same was sold by the mortgagor to a third person, and the mortgage is not satisfied and the mortgagee brings suit against the purchaser of the mortgaged property for conversion, the defendant under a general denial may offer proof that the proceeds of the sale of the mortgaged property were applied upon the debt to secure which the mortgage was given; but where the question as to whether the purchase price was so applied is fairly submitted to a jury, the jury's finding will not be disturbed by this court if there is any competent evidence reasonably tending to support it.

3. **Appeal and Error—Harmless Error—Instructions — Sufficiency — Refusal of Requests.**

Where, on the whole, the instructions given substantially and correctly cover all questions of law necessary to fairly present the case to the jury, it is not error to refuse instructions requested by one of the parties, although they may state the law correctly; and, although an instruction given may misstate the law, yet, if when taken with the other instructions it is apparent that the jury were not misled, it will not constitute reversible error.

Appeal from County Court, Pittsburg County; S. F. Brown, Judge.

Action by W. X. Ross against S. Crowl. Judgment for plaintiff, and defendant appeals. Affirmed.

Frank G. Anderson, for plaintiff in error.

A. C. Sewell and Counts & Counts, for defendant in error.

PHELPS, J. The parties will be referred to as they appeared in the trial court.

The facts out of which this cause grew are substantially as follows:

W. X. Ross was in the mercantile business,

and R. H. Spoon and E. W. Oglesby, desiring to obtain credit at Ross's store, made and delivered to him their promissory note in the sum of $250, with the understanding that they should obtain merchandise from time to time until the total amount reached the value of $250, and to secure the payment of the note they executed their chattel mortgage covering—

"Thirty acres of cotton located on W. J. McCauley's farm, about three miles south of Alderson, Oklahoma, of the crop of the year 1920; the above being one-half of the sixty acres of land owned by W. J. McCauley."

When Spoon and Oglesby went to plaintiff's store and obtained merchandise according to this arrangement, a ticket was made and kept by plaintiff, showing the amount of the purchase. They continued to purchase merchandise until the total amount obtained reached in the neighborhood of $400;, they then made several payments to plaintiff from time to time, no mention being made as to whether said payments should be credited upon the note or upon the amount due over and above the $250 covered 'by the note, and plaintiff accordingly credited such payments upon the unsecured account. They picked and marketed the cotton crop covered by the mortgage, selling a portion of it to defendant, S. Crowl, and having disposed of the mortgaged cotton without paying the note secured by such mortgage, plaintiff brought suit in the county court of Pittsburg county against the defendant for conversion of the mortgaged cotton, he being the purchaser of the cotton from the mortgagors.

The cause was tried to a jury, resulting in a verdict in favor of plaintiff in the sum of $168.55, and from the judgment rendered thereon the defendant prosecutes this appeal.

The first assignment of error presented is that the mortgage was void, for the reason that the description of the mortgaged property was not sufficiently accurate to impart notice of the plaintiff's lien. It is not contended that the defendant had actual notice of the existence of the mortgage, or any rights in the cotton claimed by the plaintiff. Upon the trial the court permitted the plaintiff to show by parol that Spoon and Oglesby raised about 60 acres of cotton on the McCauley farm and that the mortgage covered their one-half interest therein, the other half interest belonging to the landlord. Under the decisions of this court the description of the mortgaged property was sufficient to impart notice of the plain-

tiff's lien. To be sure it cannot be pointed to as a model to be followed as to clarity and definiteness, but the law in this state has long been settled that it is not necessary for the description of the mortgaged chattels to be so definite and specific as to enable one to identify the property by such description alone.

In Hourigan v. Home State Bank, 62 Okla. 199, 162 Pac. 699, in the first paragraph of the syllabus this court held:

"It is not necessary that property should be so described in a chattel mortgage as to render it capable of being identified by the written recitals alone. A description which will enable third persons, aided by inquiries which the instrument itself suggests, to identify the property, is sufficient."

Smith et al. v. Lafayette, 29 Okla. 671, 119 Pac. 979; First National Bank of Bristow v. Rogers, 24 Okla. 357, 103 Pac. 582; Hoblitt v. Farmers State Bank of Tuttle, 54 Okla. 516, 153 Pac. 1154; Mitchell v. Guaranty State Bank, 68 Okla. 110, 172 Pac. 47; First National Bank of Washita v. Haines, 76 Okla. 301, 185 Pac. 441.

Defendant's answer was a general denial, and it is next contended by him that all sums or amounts paid by the mortgagors to plaintiff which were derived from the sale of the mortgaged cotton should have been applied upon the note instead of upon the account, and he supports this contention with a very respectable line of authorities, but the trial court permitted that question and defense to go to the jury, and the evidence was not at all clear as to the source from which the funds came that were paid by mortgagors to the plaintiff, there being some evidence that some of the payments were made from the proceeds of some goverment checks received by one of the mortgagors, and it affirmatively appears from the evidence that plaintiff at no time knew that any of the payments made to him by the mortgagors were obtained from the sale of the mortgaged cotton, and in view of the fact that when the action was brought there was due and plaintiff prayed for judgment for the sum of $293.65 and obtained a verdict for but $168.55, it is not unreasonable to presume that the jury adopted defendant's contention and gave him credit upon the note secured by the mortgage for some of the payments thus made.

Defendant next complains of error committed by the court in giving the instructions that were given and refusing to give certain instructions requested by the defendant, but we have carefully examined both the instructions given and those requested

by defendant and which the court refused to give, and conclude, taking all of the instructions together, that the cause was fairly presented to the jury by the instructions given, and under the well-settled rule in this state, if the instructions that were given reasonably and fairly present all issues involved in the case to the jury, the cause will not be reversed upon the court's refusal to give other instructions, although they may correctly state the law, providing the same subject-matter be fairly covered in the general instructions. Chase v. Cable Co., 67 Okla. 322, 170 Pac. 1172; Pioneer Telegraph Co. v. Davis, 28 Okla. 783, 116 Pac. 432.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and MASON, LESTER, and HUNT, JJ., concur.

Note.—See under (1) 11 C. J. pp. 458, 459, § 78; 5 R. C. L. p. 423: 1 R. C. L. Supp. p. 1397. (2) 4 C. J. p. 854, § 2834; 11 C. J. p. 613, § 317 (Anno); 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79. (3) 4 C. J. p. 1029, § 3013; 38 Cyc. pp. 1711, 1779.